Gladys M. GRIDLEY, Plaintiff,

v.

**CLEVELAND PNEUMATIC COMPANY,**
a subsidiary of Pneumo Corporation, a
subsidiary of IC Industries, et al., De-
fendants.

Civ. No. 88-0908.

United States District Court,
M.D. Pennsylvania.

Aug. 17, 1989.

William A. Hebe, Wellsboro, Pa., for
plaintiff.

Jonathan E. Butterfield, Murphy, Butter-
field & Holland, Williamsport, Pa., for de-
fendants.

## OPINION

MUIR, District Judge.

### I. *Introduction.*

Before the Court are the motions of both
the Plaintiff, Gladys M. Gridley, and the
present Defendants, Cleveland Pneumatic
Company, Marjorie Ann Smith, and Patricia
Borah, to reconsider this Court's order of
December 13, 1988, in which we granted
summary judgment in favor of Defendant
John Hancock Mutual Life Insurance Com-
pany ("John Hancock"). On June 25, 1989,
both Gridley and Cleveland Pneumatic
Company, Smith, and Borah filed their mo-
tions and briefs in support thereof. On
July 17, 1989, John Hancock filed its briefs
in opposition to both motions. Cleveland
Pneumatic Company, Smith, and Borah
filed their reply brief on July 26, 1989, and
Gridley filed her reply brief on July 31,
1989. The motions for reconsideration of
Gridley, Cleveland Pneumatic Company,
Smith, and Borah, are now ripe for disposi-
tion.

The motions before the Court present the
unusual situation in which the Plaintiff and
the Defendants share a similar interest, but
those interests are adverse to a party who
has been dismissed from the case. For
simplicity, we will refer to both the Plain-
tiff, Gladys Gridley, and the Defendants,

Cleveland Pneumatic Company, Smith, and Borah as "the movants."

By order dated December 13, 1988, we granted summary judgment in favor of John Hancock based upon the language of a life insurance contract it entered into with Joseph Gridley, Gladys Gridley's husband. The contract required Joseph Gridley to be "actively at work" as of the effective date of the contract in order for Gladys Gridley to be eligible for any benefits under it. In our order of December 13, 1988, we held that the term "actively at work" meant that Joseph Gridley had to be physically present at work on or after the effective date in order for Gladys Gridley to be eligible for benefits under the contract. The movants after December 13, 1988, discovered a pamphlet entitled "Your Group Insurance Plan" which was prepared by John Hancock for Cleveland Pneumatic Company and which contains a definition of the term "actively at work." This new document forms the basis of the present motions to reconsider.

## II. *Discussion.*

In their briefs the parties have attempted to identify the appropriate Federal Rules of Civil Procedure and case law which control these motions to reconsider. The movants have identified Rule 54(b), which applies to motions to reconsider filed before the entry of a "final judgment," and Rules 59(e) and 60(b), which apply to post-trial motions to alter or amend a judgment, or relieve a party from a final judgment. We conclude that Rule 54(b) controls the present motion to reconsider. Although the movants have discussed in general terms the standards which apply to motions under Rule 54(b), they have not clearly articulated the standard which we should apply. We will do so now.

■ Fed.R.Civ.P. 54(b) provides that "[w]hen more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction of the entry of

judgment." Our opinion and order of December 13, 1988, was not a final judgment because it did not end the litigation in this case. 6 Moore's Federal Practice ¶ 54.02, at 54–22 (2d ed. 1988); *see* Fed.R.Civ.P. 54(a) (a "judgment" is an order or decree from which an appeal may be taken); *Abdallah v. Hartford Fire Insurance Co.,* 536 F.2d 20, 21 (3d Cir.1976) (judgment as to fewer than all the parties is not a "final judgment" under Rule 54(b)). In addition, we made no express determination that there is "no just reason for delay." *UGI Corporation v. Clark,* 747 F.2d 893, 894 (3d Cir.1984). Accordingly, that opinion and order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b). A district court has the inherent power to reconsider such interlocutory orders "when it is consonant with justice to do so." *United States v. Jerry,* 487 F.2d 600, 605 (3d Cir.1973); *see John Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 88–91, 42 S.Ct. 196, 198–99, 66 L.Ed. 475 (1922) ("if an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed, and a revision be otherwise consonant with equity").

■ Whether a district court should exercise its "inherent power" to revise an interlocutory order depends upon the circumstances. *See Jerry,* 487 F.2d at 605–06 (discussing pre-amendment Rule 60(b) of the Federal Rules of Civil Procedure which allowed reconsideration of interlocutory orders based upon "mistake," "inadvertence," "surprise", and "excusable neglect" on the part of a party or the party's legal representative); *Mulay Plastics, Inc. v. Grand Trunk Western Railroad Co.,* 102 F.R.D. 130, 132 (N.D.Ill.1984) (failure to present evidence opposing a motion for summary judgment on liability was excusable when the defendant was not aware of a potential defense until after a deposition taken with respect to the issue of damages).

■ Our review of the law leads us to conclude that we should grant the movants'

motions for reconsideration, and consider the document entitled "Your Group Insurance Plan," if it would materially change the analysis in our opinion of December 13, 1988, if the circumstances surrounding the movants' failure to provide us with that document was the result of mistake, inadvertence, or excusable neglect, and if it is "consonant with equity" to do so. This standard is less stringent than the one we would use if there were a final judgment in this case and the present motion were brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Plisco v. Union Railroad Co.*, 379 F.2d 15, 16 (3d Cir.1967) (reconsideration of a final judgment under Rule 60(b) based upon newly discovered evidence is extraordinary relief which should be granted only when extraordinary circumstances are present).

In their briefs the parties have debated whether the pamphlet at issue is a part of the underlying insurance contract, but have not addressed the question of whether it would be admissible at trial if it is not part of the contract. The definition of "actively at work" provided in the pamphlet states that an employee:

> ... shall be considered "actively at work" if at any time on the date in question, he is neither (i) hospital confined, nor (ii) disabled to a degree that he could not then have reported to a place of employment outside of his home and performed all of the usual and customary duties of his occupation on a regular, full-time basis.

We conclude that the term "actively at work" contained in the insurance policy may be ambiguous and the pamphlet therefore would probably be admissible at trial for the purpose of explaining what the parties meant by that term. We deem it unnecessary to decide whether the pamphlet is in fact a part of the policy. In addition, we decline to rule on whether the pamphlet is a part of the policy because it does not materially alter the rights of the parties, but, to the extent that it is relevant to this case, it merely defines a contractual term.

The United States Court of Appeals for the Third Circuit in *Mellon Bank N.A. v. Aetna Business Credit*, 619 F.2d 1001 (3d Cir.1980), explained the approach a court must take when presented with extrinsic evidence of the meaning of contractual terms. In *Mellon Bank*, the Court stated that:

> A court must have a reference point to determine if words may reasonably admit of different meanings. Under a "four corners" approach a judge sits in chambers and determines from his point of view whether the written words before him are ambiguous. An alternative approach is for the judge to hear the proffer of the parties and determine if there is objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings. We believe the latter to be the correct approach.

*Id.* at 1011. When we decided that the term "actively at work" was unambiguous, we applied a "four corners" approach because the parties had failed to present objective indicia indicating that this contractual term was reasonably susceptible of alternative meanings. Now, however, through the pamphlet the parties have presented objective indicia of alternative meanings. The existence of reasonable alternative interpretations of the contractual term "actively at work" means that this issue should be resolved by the factfinder. *Mellon Bank*, 619 F.2d at 1011 (if objective evidence suggests a reasonable alternative interpretation of a contractual term, that evidence should be considered by the factfinder). We conclude that if we had been presented with the pamphlet at the time of John Hancock's motion for summary judgment our analysis of that motion would have been materially different.

Next, we consider whether the failure to uncover the pamphlet earlier in these proceedings resulted from mistake, inadvertence, or excusable neglect. Counsel for Gladys Gridley maintains that the pamphlet was simply overlooked in the course of discovery and that its existence was not uncovered until April 25, 1989, during the second deposition of Marjorie Ann Smith.

At that time Smith indicated that she had not mentioned the pamphlet during her previous deposition or at any other time because she assumed that everyone already had a copy of it. Apparently she was not previously asked a direct question which would have forced the disclosure of the pamphlet.

John Hancock states that although it prepared the pamphlet for Cleveland Pneumatic Company it gave all copies of the pamphlet to Cleveland Pneumatic Company and did not have any in its possession. It is difficult for us to understand why John Hancock did not keep at least one file copy of the pamphlet. John Hancock argues that Gridley's counsel failed to exercise due diligence in conducting discovery of Cleveland Pneumatic Company because he did not move to compel Cleveland Pneumatic Company to provide the particular plan summary applicable to the life insurance policy.

Gridley's request for the production of documents from John Hancock included a request for all documents that "relate to and touch upon compliance with the Employee Retirement Income Security Act, including but not limited to the summary description plan." John Hancock objected to this request as overly broad, but answered the request by stating that it did not have a summary plan description of the Cleveland Pneumatic Company plan. John Hancock referred Gridley to Cleveland Pneumatic Company to obtain any plan documents.

Gridley argues that she was not aware of the pamphlet's existence and did not suspect that Cleveland Pneumatic Company might have possession of it because of John Hancock's response to ¶ 59 of Gridley's second amended complaint.

Paragraph 59 and John Hancock's answer to it are as follows:

(Second Amended Complaint).

59. Under the basic policy provisions, the Defendant, John Hancock, should have issued to Cleveland Pneumatic a certificate showing the specific coverages to which Mr. Gridley was entitled, and that certificate should have been forwarded to Mr. Gridley. None of this was done.

(Answer).

59. Denied; the insurance policy attached hereto as exhibit A is incorporated herein by reference.

The allegation in ¶ 59 of the second amended complaint refers to a "certificate" allegedly prepared by John Hancock. The certificate, Gridley now argues, is the pamphlet entitled "Your Group Insurance Plan." Although we are somewhat troubled by the use of the term "certificate" in reference to a pamphlet which elaborates upon the rights of employees under an insurance policy, John Hancock apparently understood the term's meaning. On page 6 of John Hancock's insurance policy is a provision which states:

*Employees Certificate.* The insurer will issue to the policyholder for delivery to each insured employee a certificate setting forth a summary of the essential features of the insurance and stating to whom the benefits are payable.

(Exhibit A, John Hancock's Answer and Affirmative Defenses to Gridley's Second Amended Complaint). The pamphlet at issue here was probably prepared pursuant to this clause in the insurance policy. In his affidavit Stephen R. Plante, the Supervisor of the Group Life and Disability Division of the Group Insurance Administration Department of John Hancock stated that:

6. The booklet was a booklet prepared by John Hancock for review and approved by Cleveland Pneumatic, and summarizes the insurance coverage to which its employees were entitled under the group insurance plan issued by John Hancock to Cleveland Pneumatic.

(Exhibit J, John Hancock's Brief in Opposition to Gridley's Motion for Reconsideration). The "booklet" referred to by Plante is probably the same as the "certificate" provided for in the insurance policy.

Gridley's allegation in ¶ 59 of her second amended complaint is that John Hancock did not issue to Cleveland Pneumatic the required certificate. John Hancock denied this in its answer. The Affidavit of Ste-

phen Plante supports John Hancock's assertion that it issued the certificate to Cleveland Pneumatic Company as it was required to do under the terms of the insurance policy. Therefore, it would have been reasonable for Gridley's counsel to ask Cleveland Pneumatic Company for a copy of the certificate. Such an inquiry, in all likelihood, would have produced the pamphlet at issue which Gridley's counsel now contends is "newly discovered." Gridley's counsel has failed to explain adequately why he did not ask Cleveland Pneumatic Company for the certificate. We consider Gridley's counsel's failure to be neglectful, but excusably so. If this motion had been raised pursuant to Rule 60(b) of the Federal Rules of Civil Procedure we would be inclined to deny it. *Plisco v. Union Railroad Co.,* 379 F.2d 15, 16 (3d Cir.1967). We will grant the motions to reconsider our order of December 13, 1988, however, because the facts presented to us indicate mistake, inadvertence, or excusable neglect on the part of Gridley's counsel, and because John Hancock will suffer no unfair prejudice as a result.

John Hancock argues in the alternative that we should deny the motion to reconsider because the plan administrator denied Gridley's claim for benefits and such decisions should not be overturned by the courts unless they are arbitrary and capricious. *Rosen v. Hotel and Restaurant Employees and Bartender's Union,* 637 F.2d 592, 596 n. 5 (3d Cir.1981). Gridley argues in her brief that Cleveland Pneumatic Company is the plan administrator and it never made a decision as to whether she was entitled to life insurance benefits. Gridley argues that it was John Hancock's decision alone to deny the benefits and John Hancock is not the plan administrator. Accordingly, Gridley argues that cases applying the arbitrary and capricious standard do not control this case.

None of the parties have referred this Court to any specific documentation showing who made the decision to deny Gridley's claim for benefits. In the absence of such documentation we must conclude that there is a genuine issue of material fact on this issue.

### III. *Conclusion.*

The motions for reconsideration of our order of December 13, 1988, have presented new evidence which materially alters our analysis of this case. The parties failed to present this new evidence previously because of mistake, inadvertence or excusable neglect and it is neither inequitable nor unjust for us to vacate the judgment in favor of John Hancock.

An appropriate order will be entered.

### ORDER

1. Gridley's motion is construed as a motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure.

2. The motion filed by Cleveland Pneumatic Co., Smith, and Borah is construed as a motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure.

3. The motion for reconsideration of our order of December 13, 1988, filed by Gladys Gridley on June 25, 1989, is granted.

4. The motion for reconsideration of our order of December 13, 1988, filed by Cleveland Pneumatic Company, Marjorie Ann Smith, and Patricia Borah, on June 25, 1989, is granted.

5. Our order of December 13, 1988, granting summary judgment in favor of John Hancock Mutual Life Insurance Company is vacated.

6. This case is hereby continued to our November, 1989, trial list.

7. The jury which was drawn for this case is dismissed.

8. The Clerk of Court shall notify the jurors in this case of the provision in ¶ 7 above.

9. The final pre-trial conference will be held on November 1, 1989, at a time to be announced about October 16, 1989.

10. Juries for cases on the list which are to be tried by jury shall be drawn beginning at 10:00 A.M. on November 2, 1989.