United States Court of Appeals
FOR THE EIGHTH CIRCUIT

————————

No. 96-3240

————————

| | | |
|---|---|---|
| Katherine A. Thorson, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Gemini, Inc., | * | |
| | * | |
| Defendant-Appellee. | * | |

————————

Submitted: March 13, 1997

Filed:  September 10, 1997

————————

Before McMILLIAN, FLOYD R. GIBSON, and HANSEN, Circuit Judges.

————————

HANSEN, Circuit Judge.

Katherine A. Thorson appeals the district court's order granting summary judgment in favor of the appellee, Gemini, Inc., on her claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654 (1994).  The district court found that Thorson's illness did not constitute a "serious health condition" and thus concluded that her termination for excessive absenteeism did not violate the FMLA.  In light of

a recent opinion letter from the Department of Labor clarifying the regulatory standards for what qualifies as a "serious health condition," we remand this case to the district court for further proceedings.

## I.

Katherine Thorson began working for Gemini, Inc., on September 9, 1986, in the shipping and packing department at one of Gemini's manufacturing plants in Decorah, Iowa. At the time of her employment, Gemini had an attendance policy that limited an employee's tolerated absences to 5% of his or her scheduled hours; absences due to illness were included in the calculation of an employee's absenteeism rate. In February of 1994, Thorson was discharged for excessive absenteeism.

The events leading up to Thorson's termination began on February 3, 1994, when she left work early and went to the Howard County Hospital because she was experiencing stomach problems. Dr. John LaCelle examined Thorson and believed that she was suffering from acute gastritis and possibly a peptic ulcer. He ordered her not to return to work until February 7 and treated her with ulcer medication (Axid) and antacids. On February 7, Thorson returned to work but again felt ill and returned to Dr. LaCelle. At the conclusion of this examination, Dr. LaCelle still believed that Thorson may have been suffering from a peptic ulcer or possibly gall bladder disease, and he scheduled Thorson for an upper gastrointestinal test and a gall bladder test on February 11. Dr. LaCelle ordered Thorson not to return to work until February 14. The tests Thorson underwent on February 11 came back normal, and Thorson returned to work on February 14. Thorson worked until February 18, at which time she was fired for excessive absenteeism. On March 9, 1994, after undergoing an upper gastrointestinal endoscopy, Dr. Joan Kepros concluded that Thorson was suffering from a small hiatal hernia and mild antral gastritis and duodenitis.

2

The FMLA allows eligible employees to take up to a total of 12 workweeks of leave per year under various circumstances, including when an employee has a "serious health condition" that renders the employee unable to perform the functions of his or her job. 29 U.S.C. § 2612(a)(1)(D) (1994). The Department of Labor's regulations implementing the FMLA forbid an employer from counting FMLA leave time under "no-fault" attendance policies. 29 C.F.R. § 825.220(c) (1996). The issue in this appeal is whether Thorson's illness qualifies as a "serious health condition" such that her absences could not be counted against her under the FMLA.

As pertinent here, the FMLA defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11)(B). The Department of Labor's regulations explain that continuing treatment by a health care provider includes a period of incapacity (inability to work) of more than three consecutive days and treatment by a health care provider on two or more occasions. 29 C.F.R. § 825.114(a)(2)(i). Thorson argues that her condition meets this definition.

In granting Gemini's motion for summary judgment, the district court did not focus on the regulatory criteria cited above but rather relied on another provision contained in the regulations which provides:

> Ordinarily, unless complications arise, the common cold, the
> flu, ear aches, upset stomach, minor ulcers, headaches. . . etc.,
> are examples of conditions that do not meet the definition of a
> serious health condition and do not qualify for FMLA leave.

29 C.F.R. § 825.114(c) (emphasis added). The district court concluded that Thorson's illnesses were best described as an upset stomach and a minor ulcer and reasoned that because such conditions are explicitly listed as examples that ordinarily do not meet the

definition of "serious health condition," they cannot qualify as serious health conditions, even if they would otherwise meet the criteria for a "serious health condition" under the "continuing treatment by a health care provider" prong contained in 29 C.F.R. § 825.114(a)(2)(i).

After the district court had entered its judgment in this case and the parties had filed their briefs in this appeal, the Department of Labor issued an opinion letter in which it discusses the examples provided in section 825.114(c). The letter states:

> Ordinarily, we anticipate that these health conditions would not meet the definition in 825.114(a)(2), as they would not be expected to last for more than three consecutive calendar days and require continuing treatment by a health care provider as defined in the regulations. If, however, any of these conditions met the regulatory criteria for a serious health condition, e.g., an incapacity of more than three consecutive calendar days that also involves qualifying treatment, then the absence would be protected by the FMLA. . . .

Opinion FMLA-86, Wage and Hour Manual (BNA), 99:3091, 99:3091-92 (Dec. 12, 1996).[1] In light of this recent Department of Labor opinion letter, whose opinions we often defer to, see Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984), we believe that it would be prudent to give the parties an additional chance to argue, and the district court another chance to determine, whether Thorson's condition meets the regulatory criteria for a serious health

---

[1]This opinion letter reverses an earlier Department of Labor opinion letter, Opinion FMLA-57, Wage and Hour Manual (BNA), 99:3055 (Apr. 7, 1995), which was cited in Gemini's brief. See Appellee's Br. at 15.

condition.[2]  We thus remand this case to the district court for such further proceedings as the district court deems necessary.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Our decision to remand this case should in no way be read as indicating a view as to the proper determination of this issue.