**LINCOLN BENEFIT LIFE COMPANY, a Nebraska Domestic Insurance Corporation, Plaintiff—Appellant,**

v.

**Robert R. EDWARDS, Defendant— Appellee.**

**No. 97–2154.**

United States Court of Appeals, Eighth Circuit.

Oct. 1, 1998.

## ORDER

Lincoln Benefit Life Company, having prosecuted the instant appeal and received an adverse decision, now contends that this court lacked jurisdiction because the order Lincoln Benefit appealed from was not a final order. We vacate the decision in this appeal entered July 7, 1998.

The district court directed the entry of judgment under Fed.R.Civ.P. 54(b) denying Lincoln Benefit summary judgment on its defense that the suit against it was time-barred. We affirmed the district court's order on July 7, 1998. Lincoln Benefit then moved for rehearing, contending that this court lacked jurisdiction of its appeal, since the denial of summary judgment on the ground of statute of limitations is not a final order and cannot be made final by entry of judgment under Rule 54(b). Edwards replied that the appeal should be treated as if the district court had certified it under 28 U.S.C. § 1292(b) (1994), or alternatively, as final under the collateral order doctrine.

Lincoln Benefit did not comply with the ten-day deadline for application to this court for review under section 1292(b). Therefore, we may not treat the entry of judgment under Rule 54(b) as a section 1292(b) certification in order to permit interlocutory appeal. *See Liberty Mut. Ins. Co. v.*

*Wetzel,* 424 U.S. 737, 745, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).

 We must also reject Edwards' argument that the instant case could be reviewed as final under the collateral order doctrine. *See Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 873, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (implying that denial of summary judgment on limitations defense not appealable as collateral order); *Hall v. Shipley,* 932 F.2d 1147, 1154 (6th Cir.1991) (denial of summary judgment on statute of limitations defense not collateral order); *see generally Reich v. ConAgra, Inc.,* 987 F.2d 1357, 1362 n. 6 (8th Cir.1993) ("A denial of summary judgment is not a final order and is not appealable.").

We therefore vacate our decision of July 7, 1998 and dismiss this appeal.

Because Lincoln Benefit prosecuted this appeal, over which it now contends there was no basis whatsoever for jurisdiction, this case appears to present the occasion for an award of damages and costs under Federal Rule of Appellate Procedure 38 for bringing a frivolous appeal. *See Collins v. Amoco Prod. Co.,* 706 F.2d 1114 (11th Cir.1983) (per curiam) (imposing fees and costs under F.R.A.P. 38 for appealing order that was not final); *Matter of Hilligoss,* 849 F.2d 280, 282 (7th Cir. 1988) (awarding "fees and costs against the Bank for vexatiously pursuing a premature appeal of an obviously unappealable order"). In accordance with Rule 38, we therefore afford Lincoln Benefit the opportunity to respond, within ten days of this order, to the question of whether this Court should impose damages and costs against it. Within the same time, Edwards shall file an affidavit detailing his fees and costs incurred in defending the appeal.

During the pendency of this rehearing motion, we have reviewed the district court docket records and have learned that the remaining issues in this case have proceeded to trial. If any party appeals after final judgment has been entered in this case, we direct the Clerk of this court to assign the appeal to this panel in the interest of judicial economy.

The appeal is dismissed.