**Mary Ann LONGSTRETH, Plaintiff,**

v.

**Tom COPPLE and MCI Telecommunications Corporation, a Delaware Corporation, Defendants.**

**No. C97–4100 MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Oct. 22, 1999.

Dawn E. Mastalir, Berenstein, Moore, Berenstein, Heffernan & Moeller, L.L.P., Sioux City, Iowa, for Mary Ann Longstreth.

Margaret M. Prahl and Sarah J. Kuehl, Heidman, Redmond, Fredregill, Patterson, Plaza & Dykstra, L.L.P., Sioux City, Iowa, for MCI and Tom Copple.

## MEMORANDUM ORDER AND OPINION REGARDING DEFENDANTS' MOTION FOR RECONSIDERATION, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

BENNETT, District Judge.

"Let every man be fully persuaded in his own mind." *Romans* 5. The simple truth embodied in this passage reflects the virtue of a motion for reconsideration. In this matter, the court is called upon to reconsider its previous decision denying the defendants' motion for summary judgment in light of two recently decided decisions. The defendants' argue that these cases are persuasive, and, therefore, the court should modify its decision. The court will therefore venture forth to determine whether these cases are in fact fully persuasive, and whether the court's reconsideration warrants a judgment different from its original decision.

## I. INTRODUCTION AND BACKGROUND

This matter comes before the court pursuant to defendants', MCI Telecommunications Corp. and Tom Copple (collectively MCI), request that the court reconsider its previous decision denying the defendants' motion for summary judgment. The defendants also request, in the alternative, that their motion for summary judgment be renewed, and granted as a matter of law.

On May 6, 1999, this court denied MCI's motion for summary judgment on the plaintiff's claim that the defendants violated the notice provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA). The court concluded that Longstreth succeeded in generating a genuine issue of material fact as to whether she was actually provided the statutorily mandated notice that MCI claims she was given. The court was also unpersuaded by MCI's alternative argument that even if a "technical violation" of the FMLA occurred, Longstreth was not harmed by the alleged violation.

On September 22, 1999, the defendants filed the motion that is now before the court. The defendants assert that two recent circuit court decisions, filed after this court's denial of the defendants' motion for summary judgment, have each affirmed summary judgment in favor of employers on notice claims similar to Longstreth's claim. *See McGregor v. Autozone, Inc.*, 180 F.3d 1305 (11th Cir.1999); *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155 (2nd Cir.1999). In light of these decisions, MCI moves the court to reconsider its motion for summary judgment and grant summary judgment in favor of MCI regarding Longstreth's notice claim.

The court heard oral arguments on the defendants' motion to reconsider, or alternatively, renewed motion for summary judgment on October 20, 1999, at the Federal Courthouse in Sioux City, Iowa. Plaintiff Longstreth was represented by Dawn E. Mastalir of Berenstein, Moore, Berenstein, Heffernan & Moeller, L.L.P., Sioux City, Iowa. Defendants MCI and Tom Copple were represented by Margaret M. Prahl and Sarah J. Kuehl of Heidman, Redmond, Fredregill, Patterson, Plaza & Dykstra, L.L.P., Sioux City, Iowa.

## II. RECONSIDERATION

MCI has moved to reconsider denial of its motion for summary judgment in light of newly decided authority. The court, therefore, must first establish its authority to

reconsider its denial of summary judgment.[1] Federal Rules of Civil Procedure 59(e) and 60(b), which provide for alteration and amendment of judgment and relief from a judgment, respectively, by their express terms apply only to final judgments or final orders. *See* FED.R.CIV.P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment"); FED.R.CIV.P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ...") A denial of summary judgment, however, is not a final order. *Miller v. Schoenen*, 75 F.3d 1305, 1308 (8th Cir.1996) (orders denying summary judgment "are not final orders in the traditional sense"); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1362 n. 6 (8th Cir.1993) ("A denial of summary judgment is not a final order...."); *See also Lincoln Benefit Life Co. v. Edwards*, 160 F.3d 415, 416 (8th Cir.1998) (holding that a denial of summary judgment is not a final order); *Otey v. Marshall*, 121 F.3d 1150, 1154 (8th Cir.1997). Notwithstanding, courts retain the power to reconsider and revise an interlocutory order, such as an order denying summary judgment, up until the time a final judgment is entered. *See, e.g., Myers v. Moore Eng'g, Inc.*, 42 F.3d 452, 455 (8th Cir.1994) ("In federal court, the denial of summary judgment is an interlocutory order that may be reconsidered at any time."); *Fayetteville Inv. v. Commercial Builders*, 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.") Thus, the court has the power to reconsider the denial of MCI's motion for summary judgment.

The recently decided authorities upon which the defendants rely are the decisions in *McGregor v. Autozone, Inc.*, 180 F.3d 1305 (11th Cir.1999) and *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155 (2nd Cir.1999). MCI asserts that the decisions in *McGregor* and *Sarno* involve nearly identical facts and persuasively support MCI's position that Longstreth received the required notice, as set forth in 29 U.S.C. § 2619(a), and that its alleged failure to provide notice did not interfere with her exercise of FMLA rights.

### A. The validity of the notice requirements set forth in the Code of Federal Regulations.

The defendants argue that the Department of Labor's notice requirements, as outlined in the Code of Federal Regulations, go beyond the scope of the FMLA. They contend that these notice requirements are inconsistent with the stated purpose of the FMLA, thereby rendering the regulations invalid.[2] Accordingly, the defendants argue that the court should reconsider its previous summary judgment decision because the court applied these allegedly invalid regulations in its legal analysis. In support of this argument, the defendants rely on the recently decided Eleventh Circuit case of *McGregor v. Autozone, Inc.*, 180 F.3d 1305 (11th Cir. 1999). Upon a thorough review, however, the court is unpersuaded that the *McGregor* holding imparts new applicable, and binding law, which would require the court to modify its prior summary judgment decision in this case. The court articulates three reasons that crystalize its conclusion.

First, the factual circumstances in the *McGregor* case, and in the present case, are dissimilar. In *McGregor*, the plaintiff argued that she was entitled to thirteen weeks of employer-provided paid disability leave and an additional twelve weeks of unpaid FMLA leave because her employer failed to notify her—as required by 29 C.F.R.

---

1. Longstreth asserts that MCI's motion, as it pertains to its motion for summary judgment, is untimely under the scheduling order. However, the court finds it unnecessary to address the timeliness of MCI's motion for summary judgment, because MCI's motion for summary judgment was filed in the alternative to its motion for reconsideration. While the scheduling order is silent on the motion for reconsideration, the court retains the power to reconsider an interlocutory order any time prior to the entry of final judgment. *Murr Plumbing, Inc. v. Scherer Brothers Financial Services Co.*, 48 F.3d 1066, 1070 (8th Cir.1995) (citing *Lovett v. General Motors Corp.*, 975 F.2d 518, 522 (8th Cir.1992)).

2. The court categorically refers to the notice requirements as set forth in the Code of Federal Regulations as "regulations."

§ 825.208—that the two leaves would run concurrently. *Id.* at 1307. She also asserted that she was entitled to be restored to her prior or equivalent position when she returned to work after a fifteen week absence. *Id.* (citing 29 U.S.C. § 2614(a)(1)). Therefore, the plaintiff argued that not only was she entitled to additional leave time beyond the FMLA mandated twelve weeks, but that she was entitled to reinstatement. In contrast, Longstreth does not claim that she is entitled to additional FMLA leave time beyond twelve weeks; rather, Longstreth claims that the sole reason she exceeded her FMLA leave was due to MCI's failure to notify her that her leave was designated as FMLA leave. In her affidavit, Longstreth states that had she been notified that her leave was designated as FMLA leave, she would have returned to work at the end of the twelve weeks. Unlike Longstreth, the plaintiff in *McGregor* never stated that had she been notified that her leave was designated as FMLA leave, she would have returned to work within the twelve weeks. Consequently, although both plaintiffs assert their claims under the auspices of "failure to notify," the rights which each claim they are entitled to, because their employers alleged violation of this regulation, are wholly different.

Second, the court narrowly construes the decision rendered by the Eleventh Circuit Court of Appeals in *McGregor*. Specifically, the court understands that decision as invalidating only the portion of 29 C.F.R. § 825.208, which converts the statute's minimum of federally-mandated unpaid leave into an entitlement to an additional twelve weeks of leave unless the employer specifically and prospectively notifies the employee that she is using her FMLA leave. *Id.* at 1308. A closer look at the Eleventh Circuit Court's language is instructive:

> "Whether we view FMLA as clear and find the regulation clearly contrary to the statute or whether we view FMLA as somewhat ambiguous and find the regulation manifestly contrary to the statute, the regulations are invalid and unenforceable."

*Id.* at 1308. The defendants argue that this statement renders all the notice regulations that accompany the FMLA invalid and unenforceable. The court disagrees. The court pays particular heed to the Eleventh Circuit's initial reference to "the regulation," and contrasts that with the Eleventh Circuit's summary conclusion that "the regulations" are invalid and unenforceable. The court opines that this was either a scrivener's error, or *dicta*, and, therefore, the holding must be read in the context of the case, and the specific regulation at issue. This is so because the only regulation before the Eleventh Circuit Court of Appeals was 29 C.F.R. § 825.208. In so doing, the court concludes that the *McGregor* holding stands for the rather narrow proposition that this regulation is invalid insofar as it purports to require the employer to provide more than 12 weeks of leave time, unless the employer notifies the employee that her leave time is designated as such. *Id.* at 1308. Even assuming the *McGregor* holding is broader than that which the court concludes, the court, nonetheless, would not follow it. The court acknowledges that "there is a longstanding practice in the Eighth Circuit Court of Appeals that, on an unsettled question of federal law, while a decision by another court of appeals is not compulsively binding, the Eighth Circuit Court of Appeals will, in the interest of judicial uniformity, accept it as persuasive and follow it, unless clearly convinced that it is wrong." *Homan v. United States,* 279 F.2d 767, 773 (8th Cir.), *cert. denied,* 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960). However, the court notes that other circuits have squarely addressed, and through its application, validated 29 C.F.R. § 825.208. As set forth in the summary judgment decision, the court relied on *Cline v. Wal–Mart Stores, Inc.,* 144 F.3d 294 (4th Cir.1998), a Fourth Circuit case in order to explain the notice requirements that MCI is obligated to follow. *See also Price v. City of Fort Wayne,* 117 F.3d 1022, 1026 (7th Cir. 1997) (applying 29 C.F.R. § 825.208, and quoting the following pertinent language: "[I]n all circumstances it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee."). The court considers the argument set forth by the defendants based on the holding in

*McGregor,* but deems the analysis in the Fourth and Fifth Circuits more compelling, and will therefore follow those decisions here.

The defendants also rely on a second decision by another court of appeals to invalidate the notice regulations, which the court also finds unpersuasive. In *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155 (2d Cir.1999), the Second Circuit Court of Appeals stated that "the additional notice provisions set out in the regulations are highly ambiguous". *Id.* at 161 (referring to 29 C.F.R. § 825.301). However, 29 C.F.R. § 825.301 was not at issue in the case, and, furthermore the Second Circuit Court of Appeals refers to the regulation in a parenthetical. The Second Circuit's reference to 29 C.F.R. § 825.301 is merely *dicta,* and significantly absent from the Second Circuit Court of Appeals *dicta* is any language indicating that it questions the validity of regulation 29 C.F.R. § 825.301. The court points out that the ambiguity of a specific regulation does not render it invalid or unenforceable. Therefore, the defendants merely present the court with an additional authority, which this court concludes is not persuasive as it pertains to 29 C.F.R. § 825.301.

Third, the statute itself directs the Secretary of Labor to "prescribe such regulations as are necessary to carry out" the FMLA. 29 U.S.C. § 2654; *see also Martyszenko v. Safeway, Inc.,* 120 F.3d 120 (8th Cir.1997) (stating that Congress directed the Secretary of Labor to effectuate the act). The court emphasizes that although the Eighth Circuit Court of Appeals has yet to address the notice requirements at issue in the present case, the Eighth Circuit Court of Appeals has routinely applied the regulations, and continues to use them as interpretive aides. *See Thorson v. Gemini,* 123 F.3d 1140 (8th Cir. 1997) (stating that the Department of Labor regulations implement the FMLA); *Browning v. Liberty Mutual Ins. Co.,* 178 F.3d 1043 (8th Cir.1999) (applying 29 C.F.R. § 825.303); *Bailey v. Amsted Indus., Inc.,* 172 F.3d 1041 (8th Cir.1999) (applying 29 C.F.R. § 825.302); *Carter v. Ford Motor Co.,* 121 F.3d 1146 (8th Cir.1997) (applying 29 C.F.R. §§ 825.302 and 825.303); *Martyszenko v. Safeway, Inc.,* 120 F.3d 120 (8th Cir.1997) (applying 29 C.F.R. § 825.114). Therefore, the court concludes that based on the split of authority among the circuits regarding the validity of the regulations, the Eighth Circuit Court of Appeals' recurrent application of the regulations as an interpretive guide to the FMLA, and the persuasive authority of the *Cline* decision, Longstreth can rely on the notice requirements set forth in the regulations to support her FMLA notice claims. Thus, the court reaffirms its denial of the defendants' motion for summary judgment on this claim.

### B. Was Plaintiff afforded full benefits under the FMLA?

■ Next, the defendants argue that even if the regulations are deemed valid, MCI's alleged failure to provide notice to Longstreth did not interfere with the exercise of her FMLA rights. This argument was presented to the court in the defendants' original motion for summary judgment. MCI relied on a district court case granting summary judgment in favor of the defendant employer, which since this court's decision has been upheld by the Second Circuit Court of Appeals. *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155 (2d Cir.1999). The Second Circuit Court of Appeals declined to "interpret the FMLA as giving an employee a right to sue the employer for failing to give notice of the terms of the Act where the lack of notice had no effect on the employee's exercise of or attempt to exercise any substantive right conferred by the Act." *Id.* at 162.

The defendants contend that Longstreth, like the plaintiff in *Sarno,* was afforded every benefit that she was entitled under the FMLA, and that MCI's alleged failure to provide notice to her "in no way" interfered with her exercise of FMLA rights. However, the court emphasizes that the *Sarno* court relied on the undisputed fact that the plaintiff was unable to perform the essential functions of his position at the culmination of the twelve weeks. *Sarno,* 183 F.3d at 160. Therefore, the employer in *Sarno* was unable to interfere with the plaintiff's right to reinstatement under the FMLA, because he was unable to perform the essential functions of his job. Conversely, here, whether Longstreth would have been able to return to her

previous position, performing the essential functions of her job at the culmination of her twelve week leave, is disputed. In Longstreth's affidavit, she states that she was fully able to perform the essential functions of her job. Consequently, there exists a genuine issue of material fact as to whether the defendants failure to reinstate Longstreth to her previous position did interfere with her rights under the FMLA. *See* 29 U.S.C. § 2614(a). The fact the there is a genuine dispute as to whether Longstreth received notice from her employers that she was on FMLA leave relates to whether her right under the FMLA, namely her right to reinstatement, was infringed. Thus, in light of the contradictory facts in this case and in *Sarno*, the court finds that the *Sarno* holding is inapplicable, and consequently, affirms its denial of defendants' motion for summary judgment on this claim.

### III. CONCLUSION

The court concludes that MCI's motion for reconsideration of denial of its motion for summary judgment in light of newly decided authority is **granted** to the extent that the court has reconsidered its ruling, but relief is otherwise **denied** in that the ruling is affirmed.

**IT IS SO ORDERED.**