**PERSISTENCE SOFTWARE, INC., Plaintiffs,**

v.

**THE OBJECT PEOPLE, INC., et al., Defendants.**

**No. C–99–5182 PJH.**

United States District Court, N.D. California.

March 7, 2001.

L.J. Chris Martiniak, Nicholas van Aelstyn, Elizabeth H. Rader, Heller Ehrman White & McAuliffe, San Francisco, CA, for plaintiffs.

Michael J. Bettinger, Shane Brun, Timothy P. Walker, Preston Gates & Ellis LLP, Elaine Y. Chow, San Francisco, CA, for defendants.

**ORDER GRANTING VACATUR**

HAMILTON, District Judge.

Now before the court is the motion of plaintiff to vacate this court's December 22, 2000, order granting defendants' motion for summary judgment. Having carefully reviewed the parties' papers, including defendants' statement of non-opposition, and considered their arguments and the relevant legal authority, and good cause appearing,

the court hereby GRANTS plaintiff's motion for the following reasons.

## DISCUSSION

A district court may vacate an order granting judgment pursuant to Federal Rule of Civil Procedure 60(b), after considering " 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.' " *See, e.g., American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir.1998) (quoting *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir.1982)).

■ Unlike an order granting judgment, however, an order granting partial summary judgment is interlocutory in nature and does not terminate the action as to all of the claims and parties. *See generally Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), a partial summary judgment order is subject to vacation at any time prior to final judgment. *See* Fed. R.Civ.P. 54(b); *see also Gallant v. Telebrands Corp.*, 35 F.Supp.2d 378, 393–94 (D.N.J.1998). The standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacation of final judgments. *See* Fed. R.Civ.P. 60(b) Advisory Committee Notes; *see also Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir.1990); *Gallant*, 35 F.Supp.2d at 393–94.

In the present case, the court's December 22, 2000, order was interlocutory in nature. Although it disposed of plaintiff's claims against defendants, it did not dispose of all of defendants' counterclaims. *See* Fed.R.Civ.P. 54(b). Accordingly, the less rigid standard of Rule 54(b) applies to the present motion to vacate.

■ In support of its motion to vacate, plaintiff proffers a number of arguments. Plaintiff's most compelling argument is that it will be unfairly prejudiced by the potential preclusive effect of the December 22, 2000,

order in future actions against third parties for patent infringement. The court agrees.

The court's December 22, 2000, order was based substantially upon the finding that plaintiff failed to produce *any admissible evidence* explaining the contradiction between its admissions under oath that the subject invention was reduced to practice no later than January of 1992 and its contentions in opposition to defendants' motion for summary judgment that the subject invention, or at least certain claims of the subject invention, was reduced to practice no earlier than January 5, 1993, and no later than February 19, 1993. Although plaintiff failed in this case to provide admissible evidence explaining this contradiction, plaintiff may be able to correct said failure in subsequent litigation against third parties and establish its contention that the subject invention was reduced to practice no earlier than January 5, 1993, and no later than February 19, 1993. Because this possibility significantly limits the order to the facts of this case, the general doctrine that "judicial precedents are presumptively correct and valuable to the legal community as a whole," *see U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), does not compel the denial of plaintiff's motion to vacate.

Moreover, in light of defendants' statement of non-opposition and in light of the parties' complete settlement of this case, as well as the companion case entitled *Persistence v. Secant Technologies, Inc.*, No. C–00–1480 PJH, also filed in this court, the court finds that no other considerations justify the denial of plaintiff's motion to vacate. Accordingly, plaintiff's motion to vacate is GRANTED.

## CONCLUSION

In light of the foregoing, the court's December 22, 2000, order granting defendants' motion for summary judgment is VACATED. The parties are ordered to submit to the court a proposed order dismissing this case with prejudice within seven (7) days of this order.

This order fully adjudicates the motion listed at numbers 120 and 123 on the clerk's docket for this case.

**IT IS SO ORDERED.**