**WELLS' DAIRY, INC., Plaintiff,**

v.

**TRAVELERS INDEMNITY COMPANY OF ILLINOIS, Travelers Insurance Company, and Travelers Property Casualty Corporation, Defendants.**

No. C01–4097–MWB.

United States District Court,
N.D. Iowa,
Western Division.

Sept. 23, 2004.

Adam S. Ryan, Arthur F. Foerster, Mary Rose Alexander, Rene M. Evlin, Latham & Watkins, Chicago, IL, Marvin S. Berenstein, Richard H. Moeller, Berenstein Moore Berenstein Heffernan & Moeller, LLP, Sioux City, IA, for Plaintiff.

Frank F. Coulom, Jr., Gerald P. Dwyer, Jr., Steven E. Goldman, Robinson & Cole, LLP, Hartford, CT, Jaki K. Samuelson, Whitfield & Eddy, PLC, Des Moines, IA, for Defendants.

**AMENDED ORDER REGARDING MOTION BY DEFENDANT TRAVELERS INDEMNITY COMPANY OF ILLINOIS TO REVISE THE JANUARY 31, 2003, AND JULY 9, 2003 MEMORANDUM OPINIONS PURSUANT TO FED. R. CIV. P. 54(b) AND FOR REIMBURSEMENT OF CERTAIN DEFENSE COSTS**

BENNETT, Chief Judge.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Wells' Dairy, Inc. ("Wells") filed a motion for partial summary judgment against defendants Travelers Indemnity Company of Illinois, Travelers Insurance Company, and Travelers Property Casualty Corporation (collectively "Travelers"

unless otherwise indicated) on August 30, 2002. On January 31, 2003, the court granted that portion of Wells's motion in which it sought a declaration that Travelers has an obligation to defend Wells against lawsuits brought by two customers, Pillsbury Company ("Pillsbury") and Eskimo Pie Corporation ("Eskimo Pie").

Wells then filed its Motion To Enforce The Court's Order Of January 31, 2003 Regarding Travelers's Duty To Defend. In its motion, Wells requested that the court order Travelers to reimburse Wells for the costs of defense in the lawsuits brought by Pillsbury and Eskimo Pie through January 31, 2003, require Travelers to pay prejudgment interest for those costs, and require Travelers to reimburse Wells for its reasonable attorney's fees and expenses as those costs are incurred. On July 9, 2003, the court granted in part and denied in part Wells's Motion To Enforce The Court's Order Of January 31, 2003. The court ordered that Travelers reimburse Wells for the costs of Wells's defense in the lawsuits brought by Pillsbury and Eskimo Pie through January 31, 2003. The court further ordered Travelers to reimburse Wells for one-half of its reasonable attorney's fees and expenses as those costs are subsequently incurred.

Travelers has now filed its Motion To Revise The January 31, 2003 and July 9, 2003 Memorandum Opinions Pursuant To Fed.R.Civ.P. 54(b) and For Reimbursement of Certain Defense Cost Payments (# 165). In its motion, Travelers requests that the court: revise its January 31, 2003, opinion to hold that Travelers has no duty to defend or indemnify Wells regarding the Pillsbury state action after November 6, 2003; revise the July 9, 2003, opinion to release Travelers of any on-going duty to pay for Wells's defense; and, order that Wells reimburse Travelers for all payments of defense costs that were incurred after November 6, 2003, in the Pillsbury

state action. Travelers contends that a summary judgment ruling in the Pillsbury state action by Iowa District Court Judge Scott, in which Judge Scott denied summary judgment to Wells on Pillsbury's breach of contract claim but granted summary judgment to Wells on Pillsbury's negligence claim, establishes, as a matter of law, that Pillsbury is not seeking damages because of damage to property other than certain Häagen–Dazs products which Wells did not produce. As a result, Travelers contends that it has no duty to defend or indemnify Wells against Pillsbury's remaining breach of contract claim. In response, Wells asserts that the Pillsbury state court decision is a tentative interlocutory ruling which does not provide a basis for terminating Travelers's duty to defend Wells in the Pillsbury state court action. Wells also argues that the Pillsbury ruling does not constitute new evidence such that would entitle Travelers to reconsideration under Federal Rule of Civil Procedure 54(d). Wells also argues that even if the court reconsiders its prior rulings, Travelers is still required to defend Wells in the Pillsbury state action because Pillsbury alleges damages "because of . . . property damage."

## II.  LEGAL ANALYSIS

### A.  Federal Rule of Civil Procedure 54(b)

■ Under Federal Rule of Civil Procedure 54(b), a court may reconsider any order not certified for appeal when the order in question did not resolve all the claims of all the parties in the action. Rule 54(b) provides as follows:

(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct

the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b). Motions to reconsider are governed by Rule 54(b) when such motions are filed after an interlocutory order and before the entry of a "final judgment." *See Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102, 103 (M.D.Pa.1989). District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil procedure 60(b). *See M.K. v. Tenet*, 196 F.Supp.2d 8, 12 (D.D.C.2001); *Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D.Cal.2001). Though less exacting, courts have looked to the kinds of consideration under those rules for guidance. *Bragg v. Robertson*, 183 F.R.D. 494, 496 (S.D.W.Va.1998).

■ This court has held that courts retain the power to reconsider and revise an order denying summary judgment, which is also interlocutory in nature, up until the time a final judgment is entered. *See Kaydon Acquisition Corp. v. Custum Mfg., Inc.*, 317 F.Supp.2d 896, 903 ( N.D.Iowa 2004); *Longstreth v. Copple*, 189 F.R.D. 401, 403 (N.D.Iowa 1999). Therefore, the court has the authority " 'to correct, reconsider, alter, or amend the challenged portions of its [summary judgment ruling], should the court decide that it is appropriate or necessary to do so.' " *Kaydon Acquisition Corp.*, 317 F.Supp.2d at 903 (quoting *Helm Financial Corp. v. Iowa N. Ry. Co.*, 214 F.Supp.2d 934, 999 (N.D.Iowa 2002)). Thus, the court has the power to reconsider and revise its previous orders in this matter.

### B. Standard For Terminating Duty To Defend

Wells asserts that the summary judgment ruling in the Pillsbury state action does not meet the high standards for terminating Travelers's duty to defend because the Pillsbury summary judgment is a tentative interlocutory ruling. Travelers asserts that the summary judgment ruling in the Pillsbury state action eliminated all potentially covered claims and therefore it is not obligated to continue to fund Wells' defense in that action other than the defense costs associated with defending Wells against an appeal or motion to reconsider on that part of the summary judgment decision granting summary judgment to Wells on Pillsbury's negligence claim.[1]

---

1. The commercial general liability coverage part ("CGL coverage") of the Primary Policy issued by Travelers provides that Travelers will indemnify Wells for certain liabilities that Wells incurs to third-parties for "bodily injury," "property damage," "advertising injury," and "personal injury." Only the coverage with respect to property damage is at issue before the court. Wells asserts that the claims asserted against it in the underlying lawsuit by Pillsbury fall within the provisions of the CGL coverage part of the Primary

The Iowa Supreme Court has described an insurer's general duty to defend this way:

> An insurer's duty to defend is separate from its duty to indemnify; the duty to defend is broader than the duty to indemnify. The duty to defend arises "whenever there is potential or possible liability to indemnify the insured based on the facts appearing at the outset of the case." In other words, *the duty to defend* rests *solely* on whether the petition contains any allegations that *arguably* or *potentially* bring the action within the policy coverage. If any claim alleged against the insured can rationally be said to fall within such coverage, the insurer must defend the entire action. In case of doubt as to whether the petition alleges a claim that is covered by the policy, the doubt is resolved in favor of the insured.

*Employers Mut. Cas. Co. v. Cedar Rapids Television Co.*, 552 N.W.2d 639, 641 (Iowa 1996) (quoting *A.Y. McDonald Indus., Inc. v. Insurance Co. of N. Am.*, 475 N.W.2d 607, 627 (Iowa 1991) (*en banc*) (citations omitted) (emphasis added in *Employers Mut. Cas. Co.*)). In determining whether there was a duty to defend in this case, the court looked "first and primarily to the petition for the 'facts at the outset of the case.'" *First Newton Nat'l Bank v. General Cas. Co.*, 426 N.W.2d 618, 623 (Iowa 1988) (quoting *McAndrews v. Farm Bureau Mut. Ins. Co.*, 349 N.W.2d 117, 119 (Iowa 1984)).

No Iowa appellate court has ruled on the ability of an insurer to withdraw its defense following the dismissal of claims within the policy's coverage. Other jurisdictions, however, have adopted a rule that an insurer can withdraw from a defense after all arguably covered claims have been extinguished. *Lockwood Int'l, B.V. v. Volm Bag Co., Inc.*, 273 F.3d 741, 744 (7th Cir.2001) (holding that "if in the course of litigation the covered claims fall out of the case through settlement or otherwise, the insurer's duty to defend his insured ceases."); *Harborside Refrigerated Serv., Inc. v. IARW Ins. Co., Ltd.*, 759 F.2d 829, 830 (11th Cir.1985) (concluding that insurer was responsible for entire defense until covered claim was dropped from action); *Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 416 (Minn.1997) (holding "that an insurer who undertakes an insured's defense under a reservation of rights can withdraw its defense once all arguably covered claims have been dismissed with finality."); *Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 607 A.2d 1255, 1259 (1992) (stating that duty to defend continues "until every covered claim is eliminated"); *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So.2d 810, 815 (Fla. 1st DCA 1985) (" 'Even though only a portion of a claim made against an insured is within the liability coverage, the insurance carrier has the duty to defend the entire action, at least until such time as the covered portions of the claim have been eliminated from the suit.'") (quoting *C.A. Fielland, Inc. v. Fidelity & Cas. Co. of N.Y.*, 297 So.2d 122, 127 (Fla. 2d DCA 1974)). Other courts have held that where counts in a complaint have been dismissed, an insurer may withdraw from defense of an insured's case once "the complaint unambiguously excludes coverage." *Conway Chevrolet-Buick, Inc. v. Travelers Indem. Co.*, 136 F.3d 210, 214 (1st Cir.1998); *Reese v. Travelers Ins. Co.*, 129 F.3d 1056, 1060 (9th Cir.1997) (noting that under California law, " '[W]hen a suit against an insured alleges a claim that 'potentially' or even 'possibly' could subject the insured to lia-

---

Policy. Travelers asserts that Judge Scott's ruling establishes the nature of Pillsbury's damages and that the damages sought are not covered because Pillsbury's damages are neither property damage nor otherwise covered.

bility for covered damages, an insurer must defend unless and until the insurer can demonstrate by reference to 'undisputed facts' that the claim cannot be covered.'") (quoting *Vann v. Travelers Co.*, 39 Cal.App.4th 1610, 46 Cal.Rptr.2d 617, 619 (1995)). Similarly, courts have held that an insurer's obligation to defend concludes when its obligation to pay has been exhausted. *Commercial Union Ins. Co. v. Pittsburgh Corning Corp.*, 789 F.2d 214, 218 (3rd Cir.1986) (holding under Pennsylvania law that withdrawal allowed after policy limits have been reached); *General Cas. Co. of Wis. v. Whipple*, 328 F.2d 353, 357 (7th Cir.1964) (holding that where insurer paid into court the full policy limits, plus all costs and interest, its duty to further defend insured ceased under the terms of its contract).

These decisions, however, often do not address the question of when the dismissed claims become final so as to permit an insurer to withdraw its defense. Again, while there are no Iowa decisions on point, the Minnesota Supreme Court and Hawaii Supreme Court have held that an insurer is not relieved of its duty to defend as a result of the granting of a partial summary judgment until no further rights to appeal arguably covered claims exist. *See Meadowbrook, Inc.*, 559 N.W.2d at 417 (concluding that "an insurer cannot withdraw from a defense until its duty to defend all arguably covered claims has been completely extinguished—in other words, when no further rights to appeal those arguably covered claims exist."); *Commerce & Indus. Ins. Co. v. Bank of Hi.*, 73 Haw. 322, 832 P.2d 733, 737 (Hawai'i 1992) (holding that an insurer could not withdraw from its duty to defend an insured after a partial summary judgment until either a "Rule 54(b) certification was granted and the appeal period had expired or a final judgment had disposed of the entire case."). A similar determination was made by the Oregon Court of Appeals

in *Klamath Pac. Corp. v. Reliance Ins. Co.*, 151 Or.App. 405, 950 P.2d 909, 915 (1997), which held that although trial court dismissed the one covered claim, insurer was still obligated to provide a defense. The court concluded that: "[A]n insurer's duty to defend, if it exists, includes a duty to defend the entire action. An intermediate order from a trial court dismissing a claim is not a final resolution of that claim. Such an order does not relieve an insurer of its duty to defend." *Id.* (citation omitted); *see Harrington Haley L.L.P. v. Nutmeg Ins. Co.*, 39 F.Supp.2d 403, 409 (S.D.N.Y.1999) (holding under New York law that insurer's duty to defend continued to exist even though covered claims had been dismissed where it was possible that the appellate court would reverse).

■ The court concludes that the Iowa Supreme Court would adopt the reasoning of the Minnesota Supreme Court and Hawaii Supreme Court and hold that an insurer's duty to defend continues until "all arguably covered claims has been completely extinguished—in other words, when no further rights to appeal those arguably covered claims exist." *Meadowbrook, Inc.*, 559 N.W.2d at 417. The court turns next to an analysis of the finality of the summary judgment ruling in the Pillsbury state court action.

### C. Finality Of State Court Summary Judgment Ruling

■ The Iowa Supreme Court has held that until trial in a case is completed and a final order or decree rendered, a trial court has "the power to correct any of the rulings, orders, or partial summary judgments it has already entered." *Mason City Prod. Credit Ass'n v. Van Duzer*, 376 N.W.2d 882, 885 (Iowa 1985); *accord Iowa Elec. Light and Power Co. v. Lagle*, 430 N.W.2d 393, 396 (Iowa 1988) (same quoting *Van Duzer*); *Hayes v. Kerns*, 387

N.W.2d 302, 308 (Iowa 1986) (same quoting *Van Duzer*); *Mid–Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145, 146 (Iowa 1976) (holding that summary judgment on plaintiff's claim not "finally decisive of the case" or "beyond the power of the court" because counterclaim left to determine). Thus, under this line of authority, the Iowa District Court remains free to reconsider its summary judgment ruling in the Pillsbury state court action. This is in keeping with Iowa law, under which "[o]rdinarily a summary judgment that is not dispositive of the entire case is not a final judgment for purposes of appeal. A ruling is not final when the trial court intends to act further on the case before signifying its final adjudication of the issues." *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) (citation omitted); *see Kiesau v. Bantz*, 686 N.W.2d 164, 174 (Iowa 2004) ("A ruling sustaining a motion for summary judgment, which disposes of the entire case, is a final judgment for purposes of appeal, while an order overruling a motion for summary judgment is interlocutory."). Here, it clear that the Iowa District Court presiding over the Pillsbury state court action intends further action on the case since Pillsbury's breach of contract claim against Wells remains to be determined at trial. Accordingly, the court concludes that all the arguably covered claims against Wells have not been completely extinguished by the summary judgment ruling in the Pillsbury state court action because Pillsbury's right to appeal from that decision continues to exist. As such, the court further concludes that the summary judgment decision in the Pillsbury state court action does not alter Travelers's duty to defend Wells in that case. Therefore, Travelers's Motion To Revise The January 31, 2003 and July 9, 2003 Memorandum Opinions Pursuant To Fed.R.Civ.P. 54(b) and For Reimbursement of Certain Defense Cost Payments is denied.

### III. CONCLUSION

The court concludes that the summary judgment decision in the Pillsbury state court action does not alter Travelers's duty to defend Wells because all the arguably covered claims against Wells have not been completely extinguished by the summary judgment ruling. Therefore, Travelers's Motion To Revise The January 31, 2003 and July 9, 2003 Memorandum Opinions Pursuant To Fed.R.Civ.P. 54(b) and For Reimbursement of Certain Defense Cost Payments is **denied**.

**IT IS SO ORDERED.**