[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/14/99
THOMAS K. KAHN
CLERK

_____

No. 98-6124

_____

D. C. Docket No. CV-97-A-478-N

TOM MCGREGOR, as Trustee
of the bankruptcy estate of
ALICIA REGENIA COX,

Plaintiff-Appellant,

versus

AUTOZONE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(July 14, 1999)**

Before TJOFLAT, Circuit Judge, GODBOLD and HILL, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

Plaintiff Alicia Cox,[1] a former supervisor in one of defendant AutoZone, Inc.'s stores, took 15 weeks off when she gave birth. When plaintiff returned to work she was demoted. She has brought suit and makes two claims in her original complaint: 1) failure to restore her to prior or equivalent position under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2614; and 2) retaliatory harassment for attempting to exercise her FMLA rights under 29 U.S.C. § 2615. The district court granted defendant's motion for summary judgment.

## Section 2614 Claim

Plaintiff contends she was entitled to 13 weeks of employer-provided paid disability leave and then 12 weeks of unpaid FMLA leave because her employer failed to notify her – as required by 29 C.F.R. § 825.208 – that the two leaves would run concurrently. Therefore, plaintiff contends she was entitled to be restored to her prior or equivalent position when she returned to work after a 15 week absence. See 29 U.S.C. § 2614(a)(1). The district court held plaintiff was not entitled to be restored to her prior position because the regulations requiring an employer to notify the employee that the leaves run concurrently are invalid.

---

[1] The trustee in Cox's bankruptcy has been substituted as the real party in interest.

Regulations are given "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Chevron, USA, Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 844 (1984). Chevron described a court's duty in reviewing regulations as a two-step process. First, the court is to determine if the intent of Congress is clear; if so, the court must give effect to the unambiguously expressed intent of Congress. If Congress has not spoken directly to the precise question at issue, the court must determine whether the agency's answer to the question Congress left open "reflects a permissible construction of the statute." Jaramillo v. INS, 1 F.3d 1149, 1152 (11th Cir. 1993).

FMLA provides "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period . . . (D) Because of a serious health condition." 29 U.S.C. § 2612(a)(1). The statute further provides "[a]n eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave . . . for any part of the 12-week period of [FMLA] leave . . .." 29 U.S.C. § 2612(d)(2)(A); 29 U.S.C. § 2612(d)(2)(B). The statute does not impose any specific requirements for the type of notification an employer must provide or when that notification must occur.

Some of the regulations promulgated under FMLA require employers to notify the employee that the absence is being counted as FMLA leave before the employer can count the leave against the 12 week entitlement. 29 C.F.R. § 825.208(a) ("In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section."). 29 C.F.R. § 825.208(b) provides further detail as to the manner in which the notice must be given. If the employer fails to give prospective notice that an absence is being counted as FMLA leave, the leave taken does not count against an employee's 12 week entitlement and the employer would be required to give 12 weeks in addition to any other leave the employer provided. 29 C.F.R. § 825.208(c); 29 C.F.R. § 825.700(a). However, 29 C.F.R. § 825.208 conflicts with another regulation that appears to create a presumption that paid disability leave for the birth or a child runs concurrently with unpaid FMLA-guaranteed leave. 29 C.F.R. § 825.207(d)(1) ("Disability leave for the birth of a child would be considered FMLA leave for a serious health condition and counted in the 12 weeks of leave permitted under FMLA. Because the leave pursuant to a temporary disability benefit plan is not unpaid, the provision for substitution of paid leave is inapplicable.").

29 C.F.R. § 825.208 converts the statute's minimum of federally-mandated unpaid leave into an entitlement to an additional 12 weeks of leave unless the employer specifically and prospectively notifies the employee that she is using her FMLA leave. The statute provides for only 12 weeks of leave. 29 U.S.C. § 2612(a)(1) ("employee shall be entitled to a total of 12 workweeks of leave during any 12-month period"); see also 29 U.S.C. § 2612(d)(1) ("if an employer provides paid leave for fewer than 12 workweeks . . . the additional weeks of leave necessary to attain the 12 workweeks . . . may be provided without compensation"). The Act's legislative history also indicates FMLA establishes a baseline of 12 weeks of leave. S. Rep. No. 103-3, at 4 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 6 (FMLA "accommodates the important societal interest in assisting families by establishing a minimum standard for leave"); S. Rep. No. 103-3, at 28 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 30 ("Section 102(d) assures that an employee is entitled to the benefits of applicable paid leave, plus any *remaining* leave time made available by the act on an unpaid basis.") (emphasis provided).

The statute does not suggest that the 12 week entitlement may be extended. Where Congress wanted explicit notice provisions with significant consequences, it provided for them. 29 U.S.C. § 2613 (detailing notice requirements for

employees seeking leave); 29 U.S.C. § 2614 (employer may deny restoration to highly compensated employee if "the employer notifies the employee of the intent to deny restoration on such basis at the time the employer determines that such injury would occur").

The regulations not only add requirements and grant entitlements beyond those of the statute but they also are inconsistent with the stated purpose of the statute. One of the explicit purposes of the Act is to "balance the demands of the workplace with the needs of families . . . in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(3); see also 29 U.S.C. § 2653 ("Nothing in this Act or any amendment made by this Act shall be construed to discourage employers from adopting or retaining leave policies more generous than any policies that comply with the requirements under this Act"). Where an employer such as defendant exceeds the baseline 12 weeks by providing not only more leave than FMLA but also paid leave, the employer should not find itself sued for violating FMLA.

Whether we view FMLA as clear and find the regulation clearly contrary to the statute or whether we view FMLA as somewhat ambiguous and find the regulation manifestly contrary to the statute, the regulations are invalid and unenforceable. Because defendant exercised its statutory right to require plaintiff

6

to substitute her accrued paid leave for her 12 week FMLA leave, 29 U.S.C. § 2612(d)(2)(B), and plaintiff was absent for more than the protected period of time, she did not have a right to be restored to her prior or similar position.

### Section 2615 Claim

Plaintiff did not address her § 2615 claim in her response to defendant's motion for summary judgment, R1-24. The Court will not address an argument that has not been raised in the district court. See Ferrill v. The Parker Group, Inc., 168 F.3d 468, 475 (11th Cir. 1999).

### Motion for Leave to Amend

Plaintiff sought leave to (1) add an allegation that defendant's failure to provide notice as to whether FMLA leave would run concurrently with other paid leave constituted a violation of 29 U.S.C. § 2615(a) as well as § 2614, as alleged in the original complaint; and (2) change her allegations regarding the manner in which she took her leave. Plaintiff's Reply Br. at 8. With respect to the second proposed amendment, in her original complaint plaintiff alleged she took 12 weeks disability leave and then 3 weeks FMLA leave. Plaintiff sought leave to amend the

complaint to coincide with her current contention that she took 13 weeks disability leave and then 2 weeks of FMLA leave.

The court did not abuse its discretion in denying plaintiff's motion. Plaintiff did not seek leave to amend until 2 months after the deadline for amending the pleadings had passed, the dispositive motion deadline was one month away, plaintiff and defendant's representative had been deposed, and plaintiff had knowledge of the information contained in the proposed amendment when she filed the lawsuit. See Technical Resource Servs. v. Dornier Med. Sys., 134 F.3d 1458, 1463-64 (11th Cir. 1998); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995).

## Conclusion

The judgment of the district court is AFFIRMED.