**Kathleen GADINSKI, Plaintiff,**

v.

**SHAMOKIN AREA COMMUNITY HOSPITAL, Defendant.**

No. 3:99–CV–1569.

United States District Court, M.D. Pennsylvania.

Oct. 19, 2000.

Jennifer C. Deitchman, Nora S. Gibson, McGraw Hait Deitchman, Carlisle, PA, for plaintiff.

Sidney R. Steinberg, Post & Schell, P.C., Philadelphia, PA, for defendant.

***MEMORANDUM***

MUNLEY, District Judge.

Before the court for disposition is the defendant's motion for summary judgment in this case involving the Family and Medical Leave Act of 1993. The parties have briefed their respective positions and oral

argument has been held. For the reasons that follow, the motion for summary judgment will be denied.

## Background

Defendant Shamokin Area Community Hospital hired the plaintiff in May 1995 as a physical therapist.[1] Plaintiff continued with this employment until March 1997 at which time she took a maternity leave. The leave lasted until September 1997, except for two days when she was reactivated for physical therapy work. Pl.Dep. at 196. When plaintiff began her leave, she was not notified of her rights under the Family and Medical Leave Act of 1993 (hereinafter "FMLA") in derogation of regulations promulgated by the Department of Labor.

Prior to her leave, defendant paid the plaintiff $44.00 an hour and she worked approximately twenty-four hours per week on average. When plaintiff sought to return to work in September 1997, she was told that the defendant did not need her services at that time, but might need them in the future. Pl.Dep. 167, 208.

On September 4, 1997, shortly after her failed attempt to return to her employment, the plaintiff began a second leave of absence. The purpose of this second leave was to care for her seriously ill father. Plaintiff attempted to return to work on November 28, 1997, but the defendant informed her that no work was available that day. Pl.Dep. at 269. In January 1998, the defendant offered plaintiff a position working forty-five hours per pay period at $24.00 per hour. Plaintiff declined the offer as she saw it as a $20.00 pay decrease and different work from what she was performing previously. Pl.Dep. at 279–82.

Plaintiff initiated the instant lawsuit claiming that the defendant violated the FMLA by not allowing her to return to her prior position and rate of pay after her leaves of absence. Defendant now moves for summary judgment alleging that as a

matter of law it has not violated the FMLA.

## Standard of review

The law provides that summary judgment shall be granted where "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to. any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. Pro. 56, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A summary judgment motion cannot be granted where a dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment must be granted pursuant to Rule 56 where after an adequate time for discovery a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra* at 322, 106 S.Ct. 2548. In deciding a motion for summary judgment, we must view the facts in the light most favorable to the nonmoving party. *Anderson, supra* at 249–50, 106 S.Ct. 2505.

## Discussion

Under the FMLA, an employee is entitled to receive a leave of absence of up to twelve weeks during any one year period for, *inter alia*, the birth of a child or to care for an ill relative. After the leave, the employee must be brought back to the same or substantially the same employment position. 29 U.S.C. § 2614(a)(1)(A) and (B).

Plaintiff claims that the defendant has violated the FMLA in the following manner:

started working in the capacity that is relevant to this case in 1995.

---

1. Plaintiff actually commenced her employment with the defendant in 1992, but she

1) by failing to provide plaintiff with notification of her rights with regard to the birth of her son in March 1997;

2) by failing to return plaintiff to her pre-leave position as permanent part-time physical therapist upon her return from leave to care for her newborn; and

3) by failing to return plaintiff to her pre-leave position as permanent part-time physical therapist with pre-leave wage upon her return from leave to care for her father.

According to the defendant, plaintiff's job was eliminated even before she announced her leave. If she had not gone on leave, she would have lost her job, or it would have substantially changed. Thus, she had no entitlement to return to it after her leave. In a related issue, defendant claims that plaintiff's position was no different after leave than before as in both instances she was working only on an as needed basis. Moreover, the defendant claims that plaintiff is only entitled to twelve weeks of leave and in the instant case took approximately nine months of leave, thus she did not have the right to return to her old job. We find no merit to any of the defendant's arguments; nonetheless, we shall address them all.

## Was plaintiff's position unquestionably eliminated prior to her FMLA leave?

■ Initially, defendant argues that the plaintiff's position was eliminated prior to her FMLA leave (in fact before the defendant knew of her pregnancy) and as such she is not entitled to any relief under the FMLA. The law provides that: "Nothing in this section [regarding right to reinstatement] shall be construed to entitle any restored employee to—

(B) Any right, benefit, or position of employment other than any right, benefit or position the employee would have been entitled to had the employee not taken leave." 29 U.S.C. § 2614(a)(3)(B).

Defendant's argument is that since the plaintiff's job was to be eliminated whether or not she went on leave, she has no relief available to her under FMLA. We are in agreement that if no genuine issue of fact exists with regard to her job being eliminated, judgment would be appropriate for the defendant.

In order to establish that no issue of material fact exists with regard to this issue, the defendant relies upon the deposition of Mr. Robert Veach, director of the defendant's physical therapy department. He testifies that the plaintiff's position was eliminated in June of 1996 when his supervisor informed him that the hospital could no longer pay the plaintiff $44.00 an hour and that she would have to consider becoming a full time salaried employee. Veach Dep. at 88. He states that he told the plaintiff the hospital's position and he had her prepare a proposal for a full time position. When the plaintiff completed the proposal however, she was still seeking $44.00 an hour. Veach states that he told her that was too much. *Id.* at 88–90. Jane Korbich, Veach's supervisor at that point indicated to him that the plaintiff would have to be replaced.[2] *Id.* at 90.

Veach admits, however, that no formal documentation exists to verify that the position was in fact eliminated in June of 1996. *Id.* at 88, 94. Contrariwise, Veach also admits that although he claims that her position was eliminated in June of 1996, the plaintiff did continue to work. *Id.* at 93. In order to find someone to replace the plaintiff, Veach asked one person if he knew of anyone who would be interested and he asked Tara Rovito, a college student who had interned at the hospital, if she would be interested in the position when she graduated. At that time, he placed no advertisement in the newspaper. *Id.* at 92–93. Kirby Susan Wilson, the defendant's vice-president of

**2.** Plaintiff claims that statements made by Jane Korbich are inadmissible hearsay and should not be examined. We will not address this issue as we find that material questions of fact exist regardless of whether her testimony is examined.

human resources has testified to basically the same facts. *See* Wilson dep. at 89.

Plaintiff alleges that Veach told her she would be able to return to work in September 1997. Gadinski Dep. at 107. Thus, although defendant has testimony that the position was eliminated, plaintiff through her own testimony, has evidence that the job was not eliminated and she would be returning to it in late August or early September 1997. Gadinski Dep. at 197 – 98, 200. Accordingly, a question of fact exists and summary judgment cannot be granted on the basis that plaintiff's job was eliminated even before she announced her leave.

**Was plaintiff returned to the same position?**

Another issue raised by the defendant is that the plaintiff's employment position did not change from when she commenced leave to when she returned from leave. Defendant argues that the plaintiff was on "PRN status", working as needed, prior to and after her leave.[3] Examining the facts in the light most favorable to the plaintiff, we must disagree. Plaintiff stated in her deposition that she was guaranteed a certain amount of hours each week prior to her leave. Pl.Dep. 137–138. It is uncontested that after the leave, the hours were not available. Accordingly, we must find that a question of fact exists as to the whether the plaintiff's status changed after her leave.

**Are the Department of Labor (hereinafter "DOL") regulations valid and enforceable?**

Under the FMLA, an employee is entitled to twelve weeks of leave in certain situations. In the instant case, the plaintiff had nearly nine months of leave, an initial six months maternity leave and then three months of leave to care for her father. Defendant's position is that because the plaintiff had much more than twelve weeks of leave, she was not entitled to her job when she attempted to return to her work. In other words, its obligation was to provide twelve weeks of leave, plaintiff had approximately nine months of leave, much more than required by the act, and therefore, she had no right to resume her employment at the same rate of pay and the same hours.

Plaintiff contends that the hospital never provided notification of her FMLA leave rights during her maternity leave as required by DOL regulations, and therefore, that period of time does not count against her FMLA leave. Defendant does not contest the fact that it never gave FMLA leave notice to the plaintiff. The hospital claims that the regulations that require such notice are invalid.

The FMLA provides, subject to certain limitations, as follows:

[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

.     .     .     .     .

(C) In order to care for the … parent, of the employee, if such … parent has a serious health condition.

29 U.S.C. § 2612(a)(1)(A) and (C).

The DOL has promulgated various regulations with regard to the FMLA.[4] One of the regulations provides as follows: "In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section." 29 C.F.R. § 825.208(a). An employer's failure to give notice that the employee's leave is in fact FMLA leave means that the leave clock does not begin running against the employee's leave entitlement. 29 C.F.R.

---

**3.** At oral argument, we were informed by counsel that "PRN" status is industry terminology meaning an employee's status is working on an "as needed" basis.

**4.** The FMLA directs the DOL to promulgate rules that are necessary to carry out the general requirements for leave. 29 U.S.C. § 2654.

§ 825.700(a). These are two regulations at issue in the current case. Some courts have found that the regulations are valid and may entitle an employee to more than twelve workweeks of leave when notification is not provided. Other courts have found the regulations to be invalid. These are the positions of the plaintiff and defendant respectively. After a careful review, we find that the regulations are valid in the instant situation.

■ To determine whether the regulations are valid, we must apply a two step analysis as set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). First, we must examine the plain meaning of the language found in the statute. *Conoco, Inc. v. Skinner,* 970 F.2d 1206, 1216 (3d Cir.1992). If a review of the language of the statute and the statute's design as a whole is unambiguous, it must be followed as the intent of Congress—that is the regulation cannot be contrary to the plain language of the statute. *Id.*

If, on the other hand, the statute is silent or ambiguous regarding the specific question addressed by the regulation, the agency interpretation of the statute must be examined. *Id.* We must determine whether the agency's construction of the statute is permissible, that is, it cannot conflict with the plain language of the statute and must be reasonable. *Id.* If the agency's interpretation is reasonable, we must defer to it.

Initially, we note that the statute is silent on the instant notification issue. Accordingly, we must determine whether the agency's construction of the statute is reasonable.

■ While the Third Circuit Court of Appeals has yet to address this particular issue several courts of appeals have found the regulations to be invalid. It has been found by these courts that the regulations improperly convert the statute's minimum federally mandated unpaid leave into an entitlement to an additional twelve weeks of leave unless the employer provides the notification. *Ragsdale v. Wolverine Worldwide,* 218 F.3d 933, 937 (8th Cir. 2000); *McGregor v. Autozone, Inc.,* 180 F.3d 1305, 1308 (11th Cir.1999). The courts have found that the regulations create employee rights that the statute did not. The statute requires the employer to provide a twelve week leave, whereas application of the regulations could force the employer to provide a much longer leave.

The instant matter is distinguishable from *Ragsdale* and *McGregor.* In those cases, the employers had policies that provided more than the twelve weeks of leave. If the employees returned to work after the time limit set by the employers, they could face adverse employment action. That is precisely what happened; the employees failed to return within the mandated time and adverse action was taken. The courts found that the employers provided the minimum required by the FMLA, and therefore, the notice provisions were not applicable.

The difference between these cases and the instant case is that here it was agreed that the plaintiff would take six months of leave. When she attempted to return to work, at the end of the six months, however, there was no work for her. In other words, even though she attempted to return within the agreed amount of time, her job was gone. In the cases cited by defendant, the employees stayed out longer than their employers permitted and then had adverse employment action taken against them.

What the defendant seems to be arguing is that if an employee is provided more than the required twelve weeks of leave, then her rights under the FMLA are automatically satisfied. The length of the leave, however, is only one aspect of the FMLA. The second, and equally important part, is that the employee is entitled to return to her employment after the leave. Thus while the defendant may have provided more leave than required under the act, it did not hold the position open for the plaintiff to return. To find that the

591

notice regulations are invalid in this situation would be going beyond what any circuit court of appeals has found,[5] and we refuse to do this.

Accordingly, we find that the notice requirements, and consequences to the employer for not providing notice, are valid as applied in this situation as a reasonable interpretation of the statute and are not in conflict with the statute's text. See *Plant v. Morton Internat'l Inc.*, 212 F.3d 929, 935–36 (6th Cir.2000) (holding that the notice regulations are valid.)

### Retaliation

In plaintiff's brief in opposition to the summary judgment, she claims to have pled an adequate cause of action for retaliation. We disagree. First, the complaint does not allege a cause of action for retaliation. Second, plaintiff claims that her employment position was adversely affected based on plaintiff attempting to assert her FMLA rights for the second leave of absence. Plaintiff has not provided any proof that her position after the second leave of absence was worse than after she returned from the first leave. In fact, as set forth above, the plaintiff's employment situation seemed to be the same after the second leave as after the first. Accordingly, we cannot find that the plaintiff was asserted a valid claim for retaliation.

### Conclusion

After a careful review of the matter we find that summary judgment is not appropriate. Material questions of fact exist regarding: 1) whether the plaintiff's position was eliminated and it would have been eliminated whether she went on leave or not; and 2) whether plaintiff was in fact returned to the same position. In addition, we find that in this instance the DOL regulations are valid. An appropriate order follows.

### ORDER

**AND NOW,** to wit, this 19th day of October 2000, the defendant's motion for summary judgment [14–1] is hereby **DENIED.**

5. For example in *Ragsdale*, seven months of leave was provided and the plaintiff took leave in excess of seven months. *Ragsdale*, 218 F.3d at 935. In addition, in *McGregor*, thirteen weeks of disability leave was allowed to the plaintiff, but she stayed out of work for fifteen weeks. *McGregor*, 180 F.3d at 1307.