**Arthur Leroy SMITH, Plaintiff,**

v.

**BELLSOUTH TELECOMMUNICATIONS, INTERNATIONAL, INC. Defendant.**

**No. CV99–H–1720–S.**

United States District Court, N.D. Alabama, Southern Division.

Oct. 24, 2000.

Marvin L Stewart, Jr., Heather E. Newsom, the Stewart Law Group PC, Birmingham, AL, for Arthur Leroy Smith, plaintiffs.

Leon H. Lee, Jr., BellSouth Telecommunications Inc., Atlanta, GA, for BellSouth Telecommunications, Inc., defendants.

**MEMORANDUM OF DECISION AND ORDER**

HANCOCK, Senior District Judge.

The Court has before it the June 1, 2000 motion of defendant BellSouth Telecommunications, Inc. ("BST") for summary judgment and the June 1, 2000 cross-motion of plaintiff Arthur Leroy Smith ("Smith") for partial summary judgment.[1]

---

1. Also pending before the Court is plaintiff's July 20, 2000 Motion to Strike Declaration of Jeremy Duncan. Plaintiff contends that the Declaration of Jeremy Duncan regarding plaintiff's absences under the FMLA, filed subsequent to Mr. Duncan's March 21, 2000 deposition and after the close of discovery, contradicts his prior deposition testimony and that such testimony is prejudicial to plaintiff because plaintiff has not had an opportunity to cross examine Mr. Duncan on this new, contradictory testimony. The Court will not resolve whether Mr. Duncan's declaration is contradictory and unfairly prejudicial to plaintiff because this issue is immaterial to the Court's decision set forth herein regarding the cross-motions for summary judgment. The motion is, therefore, DENIED as moot.

Pursuant to the Court's June 6, 2000 order and subsequent orders permitting additional briefs, the motions are now under submission.

## I. Procedural History

On July 19, 2000, the Court granted defendant's motion for summary judgment as to all of plaintiff's claims under § 1981. In that Order, the Court expressly reserved judgment on the motion as to plaintiff's remaining Family Medical Leave Act ("FMLA") claim and as to plaintiff's motion for partial summary judgment. The procedural history of this case prior to the July 19, 2000 Order is outlined in detail in the Memorandum of Decision accompanying that Order. Pursuant to the July 19, 2000 Order, both parties submitted new briefs addressing plaintiff's FMLA claim and, specifically, the viability of an FMLA retaliation claim by a job applicant. Defendant's brief was filed on August 2, 2000, and plaintiff's brief was filed on August 9, 2000. Defendant filed a reply brief on August 16, 2000. A pretrial conference was held on September 28, 2000, as a result of which, the parties were ordered to submit additional supplemental briefs on the application of *McGregor v. Autozone*, 180 F.3d 1305 (11th Cir.1999) to 29 C.F.R. § 825.220(c) and 29 U.S.C. § 2615(a)(2). Pursuant to the September 28, 2000 Pretrial Order, both parties submitted additional supplemental briefs on October 13, 2000. No additional evidence was filed with any of the aforementioned supplemental briefs.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249, 106 S.Ct. 2505.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115–17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir.1991) (*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to *affirmatively* show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. *Fitzpatrick*, 2 F.3d at 1115–16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

### III. Relevant Undisputed Facts

Plaintiff was employed by defendant. During his employment, plaintiff registered complaints with defendant, including complaints concerning the crediting of FMLA leave. Plaintiff voluntarily resigned from his employment on October 22, 1998 at which time he signed a release of all then-existing known and unknown claims he might have against BST in consideration for $30,000.00. In January of 1999, plaintiff applied to defendant for re-employment. Plaintiffs's personnel file contained a notation not to rehire. Defendant decided not to rehire plaintiff, and that decision prompted plaintiff to initiate the present action. The relevant undisputed facts are set forth in further detail in the Court's July 19, 2000 Memorandum of Decision. The Court incorporates by reference the statement of facts as set forth in that Memorandum.

### IV. Applicable Substantive Law and Analysis

The only claim remaining in this action is plaintiff's *pre-employment* retaliation claim under the FMLA, charging that defendant's employment decision was at least partially motivated by considerations of his prior use of FMLA leave during his previous term of employment. The defendant, in addition to attacking the substance of plaintiff's claim, argues that plaintiff's claim is barred by the October 22, 1998 release that plaintiff signed upon his resignation; that plaintiff is not protected by the FMLA; and that failure to hire is not a claim for which the FMLA provides redress.

To the extent that the gravaman of plaintiff's claim is predicated upon conduct prior to his resignation in 1998, his claim under the FMLA would be barred by the October 28, 1998 release he signed. But to the extent that the gravaman of plaintiff's claim is predicated upon conduct subsequent to his execution of the release, the release is no bar for the same reason that it was no bar to his § 1981 claim predicated upon such subsequent conduct. *See Smith v. BellSouth Telecommunications, Inc.*, No. 99–H–1720–S (N.D.Ala. July 19, 2000) (memorandum of decision at 9–13).

The issue is not whether the FMLA authorizes a retaliation claim by an employee. The issue is whether plaintiff, as an applicant for employment, is an "em-

ployee" under the facts of this case so as to have standing to pursue a claim of retaliation under the FMLA.[2] Section 2617(a)(2) of the FMLA, the only enforcement provision under which plaintiff may bring suit, is entitled "Civil action by employees" and provides: "[a]n action to recover damages or equitable relief prescribed in paragraph (1) [violation of the anti-retaliation provision (§ 2615)[3]] may be maintained against any employer . . . by any one or more *employees* . . . ." 29 U.S.C. § 2617(a)(2) (emphasis added). FMLA § 2611(3) defines "employee" by reference to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e), which provides that "the term 'employee' means any individual employed by an employer."

Plaintiff contends that the Department of Labor regulations interpreting the FMLA prohibit employers from using a prospective employee's past use of FMLA-protected leave in hiring decisions and, thus, that prospective employees have standing to pursue retaliation claims under the FMLA.[4] Under *McGregor v. Autozone*, 180 F.3d 1305, 1308 (11th Cir.1999), an agency cannot expand the clear meaning of a statute.[5] If after examining the language of the statute, its specific context, and the broader context of the statute the court concludes that the "intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).[6]

The Court finds that the intent of Congress is clear as to the meaning of "employee" in the FMLA.[7] Congress provided a definition of "employee" for purposes of the FMLA by making reference to the

**2.** As noted in the Court's July 19, 2000 Memorandum of Decision, whether such a claim is cognizable when brought by a job applicant, rather than a person involved in an employment relationship at the time the alleged violation occurred, seems unsettled in this circuit, and case law from outside the circuit appears equally sparse.

**3.** "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

**4.** The regulations provide in part: "An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave . . . Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions. . . ." 29 C.F.R. § 825.220(c).

**5.** In *McGregor*, the Eleventh Circuit refused to give controlling weight to the regulation relied on by the plaintiff because it failed the first prong of the *Chevron* test. *McGregor*, 180 F.3d at 1308 (stating that if the regulations are "manifestly contrary to the statute, the regulations are invalid and unenforceable"); *see also N.L.R.B. v. Hearst Publications*, 322 U.S. 111, 124, 64 S.Ct. 851, 88 L.Ed. 1170 (1944) (stating that the word employee " 'takes color from its surroundings . . . *in the statute where it appears*,' [citations omitted]

and derives meaning from the context of that statute, which 'must be read in the light of the mischief to be corrected and the end to be attained.' ") (emphasis added).

**6.** *See also Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808. The holding of *Robinson* that the anti-retaliation provision of Title VII is applicable to former employees is distinguishable from the present case because the language and coverage of Title VII is broader than that of the FMLA as set forth below.

**7.** Plaintiff's relies on the holding of *Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1 (1st Cir.1998), that "employee" is ambiguous and can include prospective employees. This case is distinguishable for two reasons. First, the plaintiff in *Duckworth* had been laid-off, and lay-off status is clearly different than terminated status resulting from this plaintiff's voluntary resignation in the present case. Second, the claim in *Duckworth* arose when the FLSA definition of employee was broader than the current definition. The FLSA formerly provided that " '[e]mployee' *includes* any individual employed by an employer."; the FLSA currently provides that " '[e]mployee' *means* any individual employed by an employer." 29 U.S.C. § 203(e) (emphasis added). There appears to be no subsequent authority interpreting the amended language of the FLSA that would support plaintiff.

FLSA. It chose not to make the FMLA's coverage as broad as that of other employment statutes such as Title VII and the ADEA. While the FMLA defines "employee," by reference to the FLSA, to "mean[ ] any individual employed by an employer," Title VII and the ADEA clearly protect "any individual" whose rights have been violated, not solely individuals who were involved in an employer-employee relationship at the time the conduct sought to be redressed occurred, and these statutes also provide a civil right of action for "any person aggrieved."[8]

To illustrate, under Title VII, it is "[a]n unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge *an individual,* or otherwise to discriminate against *any individual ....*" 42 U.S.C. § 2000e–2(a). Title VII provides: *"[t]he person or persons aggrieved"* are authorized to intervene in an action brought by either the EEOC or the Attorney General, and if no such action is filed, either the EEOC or the Attorney General "shall so notify the person aggrieved," who then has 90 days after the giving of the notice to file a civil action. 42 U.S.C. § 2000e–5(f)(1).

The ADEA protects both "employees" as well as "applicants for employment," 29 U.S.C. § 623(d), and prohibits retaliation in the forms of refusing to hire or discharging *"any individual."* 29 U.S.C. § 623(a)(1). Under the ADEA, *"[a]ny person aggrieved* may bring a civil action." 29 U.S.C. § 626(c)(1).

The FMLA grants employees a right to take excused leave from their employment and regulates how that right may be exercised. It provides a limited enforcement mechanism for individuals who were in an employment relationship with a defendant at the time the alleged violation of the right occurred. It does not authorize the cause of action plaintiff is pursuing as a job applicant.

Plaintiff's claim is based solely upon a decision made after his earlier resignation. That decision was not to rehire him. While that decision may have been, as plaintiff claims, based on a decision that, during his previous employment, plaintiff took several days of FMLA leave, the Court is satisfied that he was not an "employee" when that employment decision was made and, thus, has no standing to pursue such a claim.

Plaintiff's situation is analogous to one where plaintiff leaves employer A and applies to employer B. B inquires of A regarding plaintiff, and A tells B that plaintiff took several days of FMLA leave. B decides not to employ plaintiff. Plaintiff, not being an "employee" of B within the meaning of "employee" under the FMLA, has no standing to pursue a claim against B. The Department of Labor regulations cannot extend coverage of the FMLA beyond the clear meaning of the statute. *McGregor.* 180 F.3d 1305, 1308; *Chevron,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Plaintiff bases his retaliation claim, in part, on the notation in plaintiff's personnel file that plaintiff took several days of FMLA leave. However, it is immaterial whether defendant's notation in plaintiff's personnel file was made before or after plaintiff signed the release. If the notation was made before plaintiff signed the release, then plaintiff's execution of the release operates to bar any claim based on the notation. If the notation was made after plaintiff executed the release, it still cannot support plaintiff's retaliation claim because plaintiff was not an "employee" under the FMLA after he resigned and executed the release on October 28, 1998,

---

**8.** Furthermore, Congress expressly provided a cause of action for failure or refusal to hire in Title VII and the ADEA. It could have chosen to include such a provision in the FMLA, but it did not. The anti-retaliation provision of the FMLA applies to "practices made unlawful by this subchapter," 29 U.S.C. § 2615(a)(2); failure to hire is not expressly included within that subchapter. *See* 29 U.S.C. §§ 2611–2619.

and thus he has no standing to challenge a notation made subsequent to that date.

In conclusion, this Court finds that no material issues of fact remain as to the plaintiff's remaining FMLA retaliation claim, that defendant BST is entitled to judgment as a matter of law on that claim, and that plaintiff's motion for summary judgment as to that remaining FMLA retaliation claim is due to be denied. The Court has earlier granted summary judgment in favor of defendant on plaintiff's other claims. A separate final judgment will be entered.