[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-13850
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-03338-CV-UWC-NE

AMY JOHNSON,

Plaintiff-Appellant,

NICOLE LE DE,

Plaintiff,

versus

VINTAGE PHARMACEUTICALS, INC.,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------

**(June 16, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Amy Johnson appeals the grant of judgment as a matter of law in favor of her former employer, Defendant-Appellee Vintage Pharmaceuticals, Inc. ("Vintage"), disposing of Plaintiff's claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA).  No reversible error has been shown; we affirm.

Plaintiff learned that she was pregnant in August 2002 and, beginning in September 2002, missed workdays as a consequence of her pregnancy.  Scattered days were missed in September, October and early November.  Around Thanksgiving of 2002, Plaintiff was diagnosed with placenta previa; starting 23 November 2002, Plaintiff did not return to work. Although Plaintiff provided doctor's notes for her absence through 4 February 2003, as of 4 February 2003, Plaintiff provided Vintage with no FMLA leave form.  On 4 February 2003, Plaintiff was again told the FMLA leave form was required; Plaintiff promised to bring the FMLA leave form to Vintage the next day.

Plaintiff claims that she left a completed FMLA leave form with Vintage security guards on 5 February 2003.  That form -- which Vintage claims never to have received -- released Plaintiff to work starting 5 February 2003.  Plaintiff also

2

claims she left at the guard shack a doctor's note from another doctor. This note, from Dr. Horn, said only that Plaintiff was "disabled" from 4 February 2003 through the end of her pregnancy due to low back pain. The note included no other details; Dr. Horn did not testify at trial or by deposition. Vintage sent Plaintiff a letter on 6 February 2003 advising that she would be terminated unless Vintage received FMLA certification by noon on 10 February 2003; by letter dated 10 February 2003, Plaintiff was terminated from her position at Vintage for failing to return the FMLA form. Plaintiff contends that she received both letters the same day; Plaintiff does not dispute that, as of the date of her termination, she had been absent from work in excess of 12 workweeks during the preceding 12-month period.

FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period," 29 U.S.C. § 2612(a)(1), when "a serious health condition," 29 U.S.C. § 2612(a)(1)(D), necessitates that the employee be absent from work. Because Vintage already had satisfied its FMLA mandated 12 workweek leave obligation to Plaintiff when she was terminated, the district court entered judgment as a matter of law in favor of Vintage.

Plaintiff argues that the district court erred because Vintage led Plaintiff to believe that her FMLA leave would continue until 18 March 2003, before which

time she would have qualified for long-term disability. Plaintiff argues that Vintage purported to terminate her not for exceeding her FMLA leave, but instead for failing to provide Vintage with FMLA forms signed by her healthcare provider and certifying her serious health condition. But Plaintiff cites no failure of Vintage to meet FMLA's requirements in support of her contention that she was eligible for FMLA leave when she was terminated. Instead, Plaintiff argues a supra-FMLA entitlement based on Vintage's miscalculation that her FMLA leave extended beyond the required 12 workweek period.

In Ragsdale v. Wolverine, 122 S.Ct. 1155 (2002), the Supreme Court concluded that regulations providing that leave taken by an employee does not count against an employee's FMLA entitlement if the employer fails to designate the leave as FMLA leave, was contrary to FMLA and beyond the authority of the Secretary of Labor. See also, McGregor v. Autozone, Inc., 180 F.3d 1305 (11th Cir. 1999) (earlier concluding that regulation was invalid and unenforceable that required employer to notify employee that an absence would count against FMLA and created additional leave entitlement if the employer failed to provide such notice). Relying on this caselaw, the district court concluded that Plaintiff could show no FMLA violation; Plaintiff had exhausted her FMLA protected period at the time she was terminated.

That Vintage stated, at the time of termination, that Plaintiff was terminated for failure to present timely a FMLA medical form does not obviate the undisputed fact that Plaintiff's 12 workweek FMLA entitlement already was exhausted. We accept that Vintage was prepared to offer Plaintiff additional leave upon receipt of the documentation Vintage requested, but any such largess on Vintage's part would be outside of FMLA. And, in any event, Plaintiff concedes that the form upon which Vintage conditioned the leave extension was not delivered.[1]

Plaintiff argues that the note she submitted from Dr. Horn sufficed to document her entitlement in the light of Vintage's expressed willingness to allow leave through 18 March 2003. We note that the record shows no reliance by Plaintiff on Vintage's offer to extend leave: irrespective of the availability of leave, Plaintiff claims to have been unable to return to work until after the birth of her child. Under these circumstances, even if we were to accept that Vintage's representations could support the supra-entitlement which Plaintiff claims, it was

---

[1]Plaintiff claims to have tendered a form (Vintage claims not to have received it) that supported FMLA leave only through 4 February 2003. So, even if we assume that Plaintiff tendered properly this form, it provides no support for leave extending after 4 February 2003.

not a FMLA entitlement; and Plaintiff failed to supply the documentation upon which Vintage predicated its willingness to extend Plaintiff's leave.[2]

Judgment as a matter of law properly was granted at the close of Plaintiff's case.

**AFFIRMED.**

---

[2]If we were to test Plaintiff's claim as if it were a FMLA claim, we doubt she would fare better. Plaintiff points to Dr. Horn's note as substantiating a FMLA qualifying disability; but Dr. Horn's note, without more, could not support a FMLA jury verdict for Plaintiff: at the conclusion of Plaintiff's case the record was devoid of evidence to show that Plaintiff's low back pain was a "serious medical condition," the medical facts upon which Dr. Horn concluded Plaintiff was "disabled," or that the disability to which Dr. Horn referred rendered Plaintiff unable to perform the particular functions of her position with Vintage. See 29 U.S.C. § 2612; 29 C.F.R. § 825.114.