[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10446
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02656-VMC-AEP


ANAMARIA PENALOZA,

Plaintiff - Appellant,

versus

TARGET CORPORATION,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 31, 2013)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Anamaria Penaloza, proceeding *pro se*, appeals the summary judgment granted in favor of her employer, Target, on her claims of (1) pregnancy discrimination under Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act (PDA), and under the Florida Civil Rights Act (FCRA); (2) retaliation under Title VII; and (3) Family Medical Leave Act (FMLA) interference and retaliation. Ms. Penaloza also appeals the district court's dismissal of her disability discrimination claim for failure to exhaust administrative remedies. We affirm.

## I.

We review the grant of summary judgment *de novo*. *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008). Summary judgment is proper if all the evidence on file, viewed in the light most favorable to the nonmoving party, shows there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting the then-current Fed.R.Civ.P. 56(c)). The movant carries its burden by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to go beyond the pleadings and to present evidentiary materials designating specific facts that show a genuine issue. *Id.* at 324. When a nonmoving party's response consists of nothing more than conclusory allegations, summary judgment is not only proper but required.

2

*Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981). A *pro se* plaintiff must still meet the essential burden of establishing that there is a genuine issue as to a fact material to her case. *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).

## II.

The PDA amended Title VII by providing that the prohibition against sex discrimination includes discrimination based on pregnancy, childbirth, or related medical conditions. *Armstrong v. Flowers Hosp., Inc.,* 33 F.3d 1308, 1312 (11th Cir. 1994). The analysis for a pregnancy discrimination claim is the same as for a Title VII sex discrimination claim. *Id.* at 1312-13. The Title VII analysis also applies to FCRA claims. *Harper v. Blockbuster*, 139 F.3d 1385, 1389 (11th Cir. 1998).

A plaintiff may prove discrimination through circumstantial evidence using the framework established in *McDonnell Dougals Corp. v. Green*, 411 U.S. 792 (1973). First, the plaintiff must establish a prima facie case by showing that (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Here, there is no dispute as to the first three elements. Ms. Penaloza was qualified for her job, was in a protected class (pregnant women), and suffered a

number of adverse employment actions: (1) reduction in hours; (2) disciplinary action for alleged absences and late arrivals; and (3) termination for failing to return to work after a 14-week absence.

The dispute here turns on the fourth element: whether Target treated similarly situated, non-pregnant employees more favorably. Ms. Penaloza has presented no evidence to satisfy this element. In particular, she has presented no evidence that (1) the number of hours assigned to any of her coworkers remained the same when her hours were reduced; (2) other employees whom Target accused of failing to call in absent before an unscheduled absence were treated differently than she; and (3) any other Target employee failed to return to work after a 14-week absence but retained a position at Target.

Because Ms. Penaloza failed to establish a prima facie case, there is no genuine issue of material fact to preclude summary judgment on Penaloza's pregnancy discrimination claim.

### III.

Ms. Penaloza also claims that Target terminated her in retaliation for filing a pregnancy discrimination charge with the Equal Employment Opportunity Commission (EEOC). Title VII prohibits an employer from retaliating against employees for engaging in protected activity. 42 U.S.C. § 2003e-3(a). In order to establish a prima facie case for retaliation, an employee must establish that (1) she

engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal relation between the protected activity and the adverse action. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). As to the last element, temporal proximity by itself can be enough to show causation; the events, however, must be "very close." *Thomas v. Cooper Lighting*, *Inc.*, 513 F.3d 1361, 1364. We have held, for example, that three months is not close enough, where there is no other evidence of a causal link. *Id.*

Target terminated Ms. Penaloza's employment 14 weeks (over three months) after she filed an EEOC charge of discrimination. Ms. Penaloza offers no evidence other than the timing of the two events to establish a causal connection. Thus, she failed to satisfy the causation element of the prima facie case, and summary judgment was proper as to her retaliation claim.

## IV.

The FMLA gives employees the right to 12 weeks of unpaid leave due to the birth of a child or for a serious health condition that makes the employee unable to work. 29 U.S.C. § 2612(a)(1). The FMLA does not require that employers provide more leave than the FMLA's 12-week entitlement. *McGregor v. AutoZone, Inc.,*180 F.3d 1305, 1307-08 (11th Cir. 1999).

There are two types of FMLA claims: (1) interference claims, where an employer denies or otherwise interferes with substantive rights under the FMLA;

and (2) retaliation claims, where an employer retaliates against an employee for engaging in activity protected by the FMLA. *Hulbert v. St. Mary's Health Care Sys., Inc.*, 200 F.3d 1349, 1353-54 (11th Cir. 2000). An employee claiming interference must show she was entitled to a benefit that she was denied. *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1206-07 (11th Cir. 2001). An employee claiming retaliation must show that the employer's actions "were motivated by an impermissible discriminatory or retaliatory animus." *Id.* at 1207. The prima facie case of retaliation under the FMLA is the same as under Title VII and requires a showing of (1) statutorily protected conduct, (2) adverse employment action, and (3) causation. *Krutzig v. Pulte Home Corp.,* 602 F.3d 1231 (11th Cir. 2010).

As to interference, Target gave Ms. Penaloza over 12 weeks of leave before her termination. She was terminated two weeks after her 12-week leave period ended. Thus, Penaloza cannot show that she was denied any benefit to which she was entitled under the FMLA.[1] As to FMLA retaliation, Ms. Penaloza did not present any evidence to show a causal connection between her FMLA request and her termination, other than temporal proximity. But the time period between her request for leave and her termination was over three months, which as noted above

---

[1] Target had a policy of providing employees who timely completed FMLA forms 16 weeks of unpaid FMLA leave, i.e. four weeks more than the statutory requirement. There is some dispute as to whether Ms. Penaloza timely filled out her FMLA form. At any rate, this voluntary policy could not form the basis of an FMLA claim, which has a fixed statutory requirement of 12 weeks. *McGregor*, 180 F.3d at 1308.

6

regarding Ms. Penaloza's Title VII retaliation, is insufficient in itself to establish causation. *Thomas*, 513 F.3d at 1364.

## V.

Ms. Penaloza appeals the district court's dismissal of her Americans with Disabilities Act (ADA) claim for failure to exhaust administrative remedies. We review *de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Glover v. Liggett Grp, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

In a deferral state like Florida, a plaintiff is required to file an EEOC charge within 300 days of the discriminatory act for the claim to be actionable. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). A judicial complaint is limited by the scope of the EEOC investigation "which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). Courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]" and should construe an EEOC complaint broadly. *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004). Nevertheless, judicial discrimination claims are only allowed if they "amplify, clarify or more clearly focus" the allegations in the EEOC complaint; "allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80.

7

Ms. Penaloza filed an EEOC charge alleging the following: "I believe that I am being discriminated against on the basis of my sex; female; pregnancy related, in violation of the Civil Rights Act of 1964, as amended." There was no mention of disability discrimination, nor could a disability discrimination claim "be expected to grow" out of Ms. Penaloza's sex and pregnancy discrimination charge, even on a broad reading of her EEOC complaint. *Mulhall*, 19 F.3d at 589 n.8.[2] Thus, the district court did not err in dismissing Penaloza's disability claim for failure to exhaust administrative remedies.

**AFFIRMED.**

---

[2] Pregnancy is generally not considered a disability, although a pregnancy-related impairment may be considered a disability if it substantially limits a major life activity. *See* 29 C.F.R. § 1630.2(h). Ms. Penaloza alleges that her pregnancy was "high risk" and limited her ability to lift and to stand for long periods of time. Even assuming that this would qualify as a disability, Ms. Penaloza admitted that she did not learn of her high-risk pregnancy until after she had taken leave from Target. Thus, Ms. Penaloza's allegation that Target did not accommodate her at work (e.g., by providing her a chair with back support) does not plausibly support a disability discrimination claim. Because her alleged disability arose after her departure from Target, the only possible basis for a disability discrimination claim would be that Target failed to accommodate Ms. Penaloza by providing her additional leave time. *See Holly v. Clairson Indus.*, L.L.C., 492 F.3d 1247, 1263 (11th Cir. 2007) (citing EEOC Enforcement Guidance, Question 17). However, Ms. Penaloza never raised this allegation, and it falls outside the scope of the EEOC investigation based on her sex- and pregnancy-discrimination charge.