[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10728
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-62322-KMW


COREY V. DAVIS,

                                                        Plaintiff-Appellant,


versus


POSTMASTER GENERAL,

                                                        Defendant-Appellee.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 19, 2013)

Before TJOFLAT, FAY and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Corey V. Davis, an African-American male proceeding *pro se*,

appeals the district court's grant of defendant U.S. Postal Service's ("Postal

Service") motion for summary judgment as to his complaint alleging race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 ("Title VII"), and retaliation pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2612 ("FMLA").

Davis's appeal challenges the district court's conclusion that he failed to make *prima facie* showings for his Title VII race discrimination and retaliation claims, and for his FMLA retaliation claim.  In connection with the latter, he primarily argues that he was entitled to FMLA leave for most of his period of absence because he was caring for his sick children.

We review a district court's grant of summary judgment *de novo*.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).  When reviewing the record, we consider all evidence, along with any reasonable factual inferences, in a light most favorable to the non-moving party.  *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  The movant carries its burden by showing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  Once that burden has been met, the burden shifts "to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary

2

judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-movant is required to go beyond the pleadings and present evidentiary materials in the form of affidavits, answers to interrogatories, and depositions, designating specific facts that show a genuine issue. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

## I.

Title VII prohibits a private employer from discriminating against a person based on race. 42 U.S.C. § 2000e–2(a)(1). Federal employees are protected to the same extent by § 2000e-16(a). *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998).

When, as here, a plaintiff uses circumstantial evidence to prove discrimination under Title VII, we apply the burden-shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). *See Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1162 (11th Cir. 2006). Under the *McDonnell Douglas* framework, a plaintiff has the initial burden to establish a *prima facie* case of discrimination, which creates a presumption that the employer discriminated against the plaintiff. *Brooks,* 446 F.3d at 1162. A plaintiff may establish a *prima facie* case of racial discrimination by showing that: (1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) his employer treated similarly situated employees outside his protected class

3

more favorably; and (4) he was qualified to do the job. *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).

To demonstrate a *prima facie* case of retaliation under Title VII, a plaintiff may show that: (1) he engaged in protected activity; (2) his employer was aware of that activity; (3) he suffered a materially adverse action; and (4) there was a causal link between that protected activity and an adverse employment action. *Maniccia*, 171 F.3d at 1369; *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68, 126 S.Ct. 2405, 2414-15 (2006) (setting forth the "materially adverse" standard for claims under Title VII's antiretaliation provision). For the causal link requirement, the plaintiff need only prove that the protected activity and the negative employment action are not completely unrelated. *Holifield*, 115 F.3d at 1567 (internal quotation marks omitted).

In both types of claims, if the plaintiff establishes a *prima facie* case, the burden shifts to the employer to proffer a legitimate non-discriminatory reason for the adverse action. *Id.* at 1565, 1567. If the employer does so, the burden shifts back to the plaintiff to show that the proffered explanation is a pretext for retaliation. *Id*. at 1565. A showing that the defendant's proffered reason is

4

unpersuasive or obviously contrived is not enough, on its own, to establish a showing of pretext. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524, 113 S.Ct. 2742, 2756 (1993). Pretext requires the plaintiff to demonstrate that the employer took the action on account of a prohibited motivation, such as race or retaliation. *See id.* If the reason offered by the employer might motivate a reasonable employer, "an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*).

Here, we conclude from the record that the district court properly granted summary judgment with respect to Davis's Title VII claims because he failed to make a *prima facie* showing for either claim. First, Davis did not make a *prima facie* showing of race discrimination because he failed to identify a similarly situated employee who was treated differently than he after a long period of absence and after failing to respond to multiple disciplinary notices. *Maniccia*, 171 F.3d at 1368. Additionally, he did not make a *prima facie* showing of retaliation under Title VII because he did not show any causal link between any protected conduct and his termination. *Holifield*, 115 F.3d at 1566. Moreover, he failed to rebut the Postal Service's legitimate, non-discriminatory reasons for terminating him. *Id.* Davis did not address, let alone rebut the Postal Service's proffered rationales for terminating him. *Chapman*, 229 F.3d at 1030.

Accordingly, based on our review of the record before us, we conclude that the grant of summary judgment on Davis's Title VII race discrimination and retaliation claims was appropriate.

## II.

Under the FMLA, an eligible employee is entitled to 12 weeks of leave during a 12-month period in the event of a qualifying condition.  29 U.S.C. § 2612(a).  When the necessity of leave is foreseeable, the employee is directed to provide notice before the date the leave is to begin, or as soon as is practicable.  29 U.S.C. § 2612(e).  An employer may require that a request for leave pursuant to § 2612(a) be supported by timely certification from a healthcare provider.  29 U.S.C. § 2613(a).  Any leave taken beyond the 12-week period is not protected by the FMLA.  *See McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308 (11th Cir. 1999) (finding defendant exercised its statutory right to require plaintiff to substitute paid leave for 12-week FMLA leave, and did not retaliate against plaintiff by demoting her when she was absent for more than the protected period of time).

In a retaliation claim, an employee asserts that the employer discriminated against him because he engaged in an activity protected by the FMLA.  *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006).  Absent direct evidence of retaliatory intent, the *McDonnell Douglas* burden shifting framework applies to FMLA claims of retaliation.  *Martin v. Brevard Cnty. Pub.*

*Sch.*, 543 F.3d 1261, 1268 (11th Cir. 2008).  A *prima facie* case of retaliation requires a plaintiff to show that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse decision; and (3) the decision was causally related to the protected activity.  *Id.*  If the plaintiff successfully makes a *prima facie* showing, the burden shifts to the employer to articulate a legitimate reason for the adverse action.  *Id.*  If the employer does so, the employee must show that the proffered reason was pretextual by presenting evidence sufficient to permit a reasonable factfinder to conclude that the reasons given were not the real reasons for the adverse employment decision.  *Id.*  (internal quotation marks omitted).

Here, the record demonstrates that Davis failed to make a *prima facie* showing of retaliation under the FMLA.  First, he failed to show that he engaged in statutorily protected conduct because even if he was eligible for FMLA leave, and his call-ins to the Postal Service's automated leave line were sufficient notice, his absence from March 8 through July 25, 2008, exceeded the 12 weeks protected by the FMLA.  *See* 29 U.S.C. § 2612(a).

Davis additionally failed to demonstrate a causal link between his attempt to take FMLA leave and his termination.  The Postal Service made repeated attempts to substantiate his FMLA leave requests and did not terminate Davis until approximately one month after any FMLA leave he would have been entitled to had expired.

7

Finally, even if Davis had successfully made a *prima facie* showing of retaliation under the FMLA, he did not provide any evidence from which a reasonable jury could find that the Postal Service's proffered reasons for his termination were pretexts for retaliation. Accordingly, summary judgment on Davis's FMLA retaliation claim was proper. For the above-stated reasons, we affirm the district court's grant of summary judgment on all claims.

**AFFIRMED.**